IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| JOSE A. GOMEZ, JULIANA REYES JUAN M. CRUZ, TED MCDONALD, CECILIA ORTIZ and MARIO CRUZ on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC. (d/b/a Tyson Fresh Meats)<br><br>Defendant. | Docket No._____<br><br>**Original Complaint**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Jose A. Gomez, Juliana Reyes, Juan M. Cruz, Ted McDonald, Cecilia Ortiz and Mario Cruz, on behalf of themselves and other similarly situated individuals, by and through their undersigned counsel, for their Collective Action Complaint against Defendant Tyson Foods, Inc. (d/b/a Tyson Fresh Meats) (herein referred to as "Tyson"), allege as follows:

**I.      INTRODUCTION**

1.      This is a collective action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Tyson, at its beef processing facility in Dakota City, Nebraska for the purpose of obtaining relief under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and Nebraska state law for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

2. Plaintiffs are employees of Tyson's beef processing facility located in Dakota City, Nebraska. Defendant Tyson has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law and Nebraska state law.

3. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety personal protective equipment, obtaining tools, knives, equipment and supplies necessary for the performance of their work, "working" and washing steels and all other activities in connection with these job functions, before and after paid "gang" time, and during unpaid meal breaks.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction in this matter over Plaintiffs' state law claims pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

5. Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Tyson resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III. PARTIES

6. Plaintiff Jose Gomez is a current Tyson employee at Tyson's Dakota City, Nebraska facility who was employed during the relevant time period in this case.

7.     Plaintiff Juliana Reyes is a current Tyson employee at Tyson's Dakota City, Nebraska facility who was employed during the relevant time period in this case.

8.     Plaintiff Juan M. Cruz is a current Tyson employee at Tyson's Dakota City, Nebraska facility who was employed during the relevant time period in this case.

9.     Plaintiff Ted McDonald is a current Tyson employee at Tyson's Dakota City, Nebraska facility who was employed during the relevant time period in this case.

10.    Plaintiff Cecilia Ortiz is a current Tyson employee at Tyson's Dakota City, Nebraska facility who was employed during the relevant time period in this case.

11.    Plaintiff Mario Cruz is a current Tyson employee at Tyson's Dakota City, Nebraska facility who was employed during the relevant period in this case.

12.    Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Tyson's beef processing facility located in Dakota City, Nebraska, pursuant to the Fair Labor Standards Act.

13.    Defendant Tyson is a Delaware corporation that operates numerous pork, beef and chicken processing facilities located throughout the United States, including a beef processing facility in Dakota City, Dakota County, Nebraska.  Defendant Tyson is a corporation engaged in interstate commerce and in the production of goods for commerce in these and various other locations throughout the United States.  Tyson can be served with original service of process through its agent for service, CT Corporation System, 100 Pine Street, Harrisburg, PA 17101.

## IV. PRELIMINARY ALLEGATIONS

14. Defendant Tyson owns and operates a beef processing facility in Dakota City, Nebraska. The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former production and support employees at this location.

15. Under Tyson's wage compensation system, Tyson pays Plaintiffs and Class members who are production employees only during the time that they are present on the actual production assembly line under a system known as "gang time." With the exception of Tyson's claim that it pays four (4) minutes per day to some employees for "clothes changing" time, Tyson, as a matter of policy and practice, does not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as donning and doffing personal protective equipment, cleaning and sanitizing that equipment, walking to the production line from their locker and vise-versa after already performing compensable activities and before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies tools and equipment needed for production line activities. Tyson also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

16. Pursuant to federal regulations and Tyson's own internal policies and procedures, Plaintiffs and Class members are required to wear personal protective equipment ("PPE") for protection and sanitary reasons. PPE includes, *inter alia*, rubber aprons, belly guards,

wrist and arm guards, mesh or Kevlar sleeves, cotton and rubber gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, shirt and pants coveralls, face shields, eye protection, mesh leggings, leg guards, and other protective equipment and coverings. Most of Tyson's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. Required tools also include a scabbard, knives, and a steel used to sharpen knives. The PPE and other required gear are also designed to protect Tyson's beef product from contamination by food borne diseases.

17. As a consequence of the compensation system utilized by Defendant Tyson, Plaintiffs and the other Tyson workers are not paid at the beginning of each shift for the time it takes to obtain PPE from their lockers, don PPE, obtain tools and gear, maintain tools and gear, walk to sanitation stations and sanitize the required PPE, walk to productions areas and prepare any tools or knives for their shift.

18. At the beginning of each workday, Plaintiffs and Class members are required to report to their lockers to don their PPE. Production employees must then obtain other items of PPE, done their PPE, walk to storage areas and obtain knives and other gear, sand their steels with sandpaper, walk to the sanitation stations and sanitize their gear, and walk to the production lines <u>before</u> paid time begins. These employees are not paid or are not fully paid for this work time.

19. Pursuant to Tyson's compensation system, employees are not compensated for time spent before or after paid time working or sanding steels or mousetraps, which is a required and necessary task for the performance of their job.

20. During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove and wash or rinse their PPE and then re-don it at the end of breaks. These employees are not paid for this work time.

21. According to Tyson's compensation system, Plaintiffs and Class members are not paid during the time prior to and during their meal and rest periods, during which time they doff their PPE. Similarly, Plaintiffs and Class members are not paid at the end of meal and rest periods for the time they spend donning their PPE for continued work in production areas.

22. After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, doff their PPE, wait in line to wash the PPE, knives and other gear, walk to their lockers, doff their PPE and stow the PPE, knives and other gear.

23. According to Tyson's compensation system, Plaintiffs and Class Members are not paid or are not fully paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear, walk to lockers and stow their PPE, gear and tools.

24. As a result of Tyson's compensation system, and other practices and policies followed by Defendant, Plaintiffs and other Tyson workers are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

25. Plaintiffs and other Tyson production and support are similarly situated individuals who worked at and/or continue to work at Defendant's beef processing

6

facility in Dakota City, NE and who were and/or continue to be deprived of their lawful wages under federal law in the same manner.

26. The facts and circumstances relating to Tyson's compensation system vis-à-vis production time and employment related activities prior to paid production time and after paid production time present common questions of law and fact.

27. The claims of the named Plaintiffs are typical of the claims of approximately 4000 similarly situated current and former employees. The named Plaintiffs are adequate representatives of those similarly situated employees in that the named Plaintiffs' claims are identical to the claims of the similarly situated employees and former employees.

28. The Defendant's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant Tyson knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

29. Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant Tyson has taken no steps to fully compensate workers at its Dakota City, Nebraska facility for this time.

V.  **CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE NEBRASKA WAGE AND HOUR ACT**
**R.R.S. Neb. §§ 48-1201-1209**
**All Plaintiffs v. Tyson**

30. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

7

31. Upon information and belief, this statute has a three-year statute of limitations and thus would include claims from January 15, 2004 to the present time.

32. Defendant Tyson is required to compensate employees in the manner prescribed by The Nebraska Wage And Hour Act, R.R.S. Neb. §§ 48-1201-1209, which establishes, inter alia, that a minimum wage must be paid for all work performed.

33. Defendant Tyson is required to compensate employees who perform work at least as the minimum wage prescribed by The Nebraska Wage And Hour Act, R.R.S. Neb. §§ 48-1201-1209.

34. As a result of Defendant's unlawful acts, Plaintiffs and other Tyson production and support workers have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with statutory interest, costs and attorneys' fees.

35. Plaintiffs and class members worked many hours without having been paid by Defendant on a weekly basis. Had that work been recorded as paid time, at least some Plaintiffs and class members would have worked over forty hours a week and been entitled to be paid one and a half times their regular hourly wages for all time worked in excess of forty hours per week.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendant Tyson:

A. That this Court order an accounting of lost wages for Plaintiffs and all others similarly situated;

B. That this Court declare that Defendant Tyson's wage payment and overtime practices are unlawful;

C. That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

D. That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

## VIOLATION OF NEBRASKA WAGE PAYMENT AND COLLECTION ACT

## R.R.S. Neb. §§ 48-1228-1232

### All Plaintiffs v. Tyson

36   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

37.   As previously described, Defendant Tyson has failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by Nebraska law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and uniforms, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and mousetraps and performing all other activities in connection with these job functions, before and after the start of their shift (i.e. pre and post "gang time"), and during unpaid meal breaks.

39.   Defendant Tyson's failure to pay Plaintiffs for these activities violates the Nebraska Wage Payment and Collection Act (NWPCA), R.R.S. Neb. §§ 48-1228-1232.

40.   As a result of Defendant Tyson's repeated violations of the NWPCA, Plaintiffs and class members have not received wages to which they were entitled under Nebraska

state law. Accordingly, Plaintiffs and others similarly situated are entitled to their unpaid wages, penalties, costs and attorneys' fees.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendant Tyson:

A. That this Court order an accounting of lost wages for Plaintiffs and all others similar situated;

B. That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

C. That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

### COUNT III

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.
### All Plaintiffs v. Tyson

51. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

52. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Tyson was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

53. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Tyson, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages,

but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

54.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Tyson:

A. That this Court order an accounting of lost wages for Plaintiffs;

B. That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages;

C. That this Court permit this action to go forward as a "collective action" pursuant to 29 U.S.C. § 216(b); and

D. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Brian P. McCafferty

BRIAN P. MCCAFFERTY[1]
BRANDON J. LAURIA
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610) 940-0284

---

[1] Attorneys McCafferty, Lauria and Hamilton are fully admitted in the District of Nebraska.

E-Mail: cafstar@aol.com

MICHAEL HAMILTON (TN Bar No. 10720)
Provost Umphrey Law Firm, L.L.P.
One Burton Hills Boulevard, Suite 380
Nashville, TN 37215
Phone: (615) 242-0199
Fax: (615) 256-5922
E-Mail: mhamilton@provostumphrey.com

**Attorneys for Plaintiffs**

DATED: January 16, 2008