UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Oct 09, 2008**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TYSON FOODS, INC., MEAT PROCESSING FACILITIES
FAIR LABOR STANDARDS ACT (FLSA) LITIGATION    MDL No. 1986

ORDER DENYING TRANSFER

**Before the entire Panel**: This litigation currently consists of three actions each in the Southern District of Iowa and the District of Nebraska, and one action each in the Central District of Illinois, Northern District of Indiana, Northern District of Iowa, and District of Kansas as listed on Schedule A.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by defendants Tyson Foods, Inc., and Tyson Fresh Meats, Inc. (collectively Tyson) for coordinated or consolidated pretrial proceedings in the District of Kansas of these ten actions.

Plaintiffs in all actions oppose the motion. Certain plaintiffs suggested centralization of some or all of the actions in the District of Kansas, District of Nebraska or Southern District of Iowa if the Panel granted the motion over their objections.

Plaintiffs in all actions are or were employed at a Tyson beef or pork processing facility. Plaintiffs allege that Tyson has violated the overtime provision of the Fair Labor Standards Act and parallel state laws by failing to compensate employees for, *inter alia*, time spent putting on and taking off sanitary and protective clothing worn while performing productive work.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Discovery is likely to be plant-specific and proceed on a plant-by-plant basis. Moreover, the actions do not involve overlapping classes, and the actions are at somewhat different procedural stages. The proponents of centralization have failed to convince us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Counsel in all actions can avail themselves of alternatives to transfer that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin*

---

[1] Pursuant to a stipulation by the parties, the movants have since withdrawn their motion with respect to *Lewis Cunningham v. Tyson Fresh Meats, Inc.*, M.D. Tennessee, C.A. No. 3:08-523.

-2-

*Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

  IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.

         PANEL ON MULTIDISTRICT LITIGATION

         _____
           John G. Heyburn II
            Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | |

IN RE: TYSON FOODS, INC., MEAT PROCESSING FACILITIES
FAIR LABOR STANDARDS ACT (FLSA) LITIGATION                    MDL No. 1986

## SCHEDULE A

<u>Central District of Illinois</u>

John Murray, et al. v. Tyson Foods, Inc., C.A. No. 4:08-4001

<u>Northern District of Indiana</u>

David R. Carter, et al. v. Tyson Foods, Inc., et al., C.A. No. 3:08-209

<u>Northern District of Iowa</u>

Dale T. Sharp, et al. v. Tyson Foods, Inc., C.A. No. 5:07-4009

<u>Southern District of Iowa</u>

Guadalupe Briseno Salazar, et al. v. Tyson Foods, Inc., C.A. No. 1:08-17
Gary Ray Robinson, et al. v. Tyson Foods, Inc., C.A. No. 3:07-88
Thongliane Edwards, et al. v. Tyson Foods, Inc., C.A. No. 4:08-113

<u>District of Kansas</u>

Adelina Garcia, et al. v. Tyson Foods, Inc., et al., C.A. No. 2:06-2198

<u>District of Nebraska</u>

Dimas Lopez, et al. v. Tyson Foods, Inc., C.A. No. 8:06-459
Jose A. Gomez, et al. v. Tyson Foods, Inc., C.A. No. 8:08-21
Manuel Acosta, et al. v. Tyson Foods, Inc., C.A. No. 8:08-86