IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE A. GOMEZ, on behalf of themselves and all other similarly situated individuals, JULIANA REYES, on behalf of themselves and all other similarly situated individuals, JUAN M. CRUZ, on behalf of themselves and all other similarly situated individuals, TED MCDONALD, on behalf of themselves and all other similarly situated individuals, CECILIA ORTIZ, on behalf of themselves and all other similarly situated individuals, and MARIO CRUZ, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | 8:08CV21 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| TYSON FOODS, INC., | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56.  Filing No. 47.  Plaintiffs filed this case alleging they are entitled to unpaid wages and for overtime wages, and wages for donning and doffing, cleaning of equipment, and other activities in connection with their job working at defendant's beef processing facility in Dakota City, Nebraska.  Filing No. 1.  Defendant has filed this motion contending that all claims under the Nebraska Wage and Hour Act, Neb. Rev. Stat. §§ 48-1201-1209, and under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228-1232, are preempted under federal law pursuant to § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185.  Defendant argues that

the interpretation and construction of the collective bargaining contract is required to resolve these issues.

**STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Id.* at 324.

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A "genuine"

issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party."  *Id*. at 249-52 (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law).  If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted.  *Id.* at 250-51.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences.  *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).  "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

**DISCUSSION**

Defendant contends that all claims in Count I and Count II of the complaint relating to Nebraska wage statutes are preempted by § 301 of the LMRA.   Defendant contends that this court will be required to review significant portions of the collective bargaining agreement in this case, and thus the state law claims must be preempted.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

Plaintiffs oppose the motion and contend that interpretation of the collective bargaining agreement is (1) not necessary to determine the outcome to this case, or (2) if necessary is not "substantially dependent" upon or "inextricably intertwined with" the

terms of the collective bargaining agreement.  *Luecke v. Schnuck's Markets, Inc.*, 85 F.3d 356, 358 (8th Cir. 1996); *Hanks v. General Motors*, 906 F.2d 341, 343 (8th Cir. 1990). Further, plaintiffs move this court to permit additional discovery with regard to this motion, if the court does not deny the motion on its merits.  Defendant argues that discovery is unnecessary.

The court agrees with the plaintiffs.  Defendant has failed to establish any facts at this point in the case that convince the court it will have to interpret the collective bargaining agreement in order to adjudicate the state law claims.  If a state law remedy is independent of the collective bargaining agreement, the court does not have to find LMRA preemption. *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 623 (8th Cir. 1989).

Following the briefing in this case, plaintiffs filed a supplemental notice informing the court that additional authority existed in support of their position.   On March 1, 2010, the Southern District of Iowa decided the case of *Edwards v. Tyson Foods, Inc.,* No. 08CV113-JAJ (S.D. Iowa 2010).  In that opinion Judge John A. Jarvey addressed arguments similar to those made by the defendant in this case.  Judge Jarvey ruled in favor of allowing the plaintiffs' state law wage claims to proceed, finding they were not preempted under the LMRA.  The Judge stated:  "In conclusion, plaintiffs' IWPCA claim is based on Iowa law and the defendant's conduct.  It is not based on the [collective bargaining agreement]. Plaintiffs' IWPCA claim does not depend upon an interpretation or construction of the [collective bargaining agreement].  Thus, plaintiffs' IWPCA claim is not preempted."  See, Filing No. 60, Exhibit A-1, at page 8.  The court has reviewed the order of Judge Jarvey

and finds it persuasive.[1]  The facts and the arguments of the parties are similar in nature.

In determining whether § 301 requires preemption, the court must look and see if the state-law claim is based on a provision of the collective bargaining agreement, and second, whether § 301 is dependent upon an analysis of the collective bargaining agreement. *Williams v. National Football League*, 582 F.3d 863, 874 (8th Cir. 2009). "[T]he crucial inquiry is whether 'resolution of a state-law claim depends upon the meaning of a [collective bargaining agreement].'" *Miner v. Local 373*, 513 F.3d 854, 865 (8th Cir. 2008) (quoting *Lingle v. Norge Div. Of Magic Chef. Inc.*, 486 U.S. at 399, 405-06 (1988)).  As in Judge Jarvey's case, the plaintiffs in the case before this court seek to recover wages under the Nebraska wage acts, and the claims do not appear at this time to be based on the collective bargaining agreement.  Accordingly, the court concludes, at this time, that the claims under the Nebraska wage statutes are not based on the collective bargaining agreement nor do the claims require interpretation or construction of the collective bargaining agreement.  Therefore, the claims are not preempted.  If, however, after all discovery is completed, defendant believes that there are certain issues in the lawsuit that require interpretation of the collective bargaining contract, the court will allow defendant to raise those limited issues in a motion for summary judgment.  *See Chavez v. Don Stroltzner Mason Contractor, Inc.*, 2010 WL 1417029 *4 (N.D. Ill. April 5, 2010) (motion to dismiss state law wage claims based on theory of preemption of the LMRA premature and motion denied at that time).

---

[1]This court is aware that the findings of other courts are inapposite.  *See e.g.*, *Murray v. Tyson Foods, Inc.*, 2009 WL 322241 (C.D. Ill. 2009) (court would have to define "work time" under the collective bargaining agreement, so preemption applies); *Carter v. Tyson Foods, Inc.*, 2009 WL 4790761 (N.D. Ind. 2009) (affirming magistrate judge's findings that wage and hour claims under Indiana law are preempted by LMRA).

THEREFORE, IT IS ORDERED that defendant's motion for partial summary judgment, Filing No. 47, is denied.

DATED this 5th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.