IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE A. GOMEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV21 |
| | ) | |
| vs. | ) | |
| | ) | |
| TYSON FOODS, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Compel Plaintiffs to Answer Interrogatories and Document Requests, or in the Alternative to Dismiss Plaintiffs for Failure to Respond to Discovery (Filing No. 106). The defendant filed a brief (Filing No. 107) and an index of evidence (Filing No. 108) in support of the motion. The plaintiffs did not respond.

## BACKGROUND

The plaintiffs are current or former employees who worked some time during the period January 17, 2004, to the present, at the defendant's Dakota City, Nebraska, meat processing facility. **See** Filing No. 1 - Complaint ¶¶ 1-3, 14. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including alleged failures to pay minimum wage and overtime compensation for uncompensated job-related activities.

The plaintiffs filed the instant action on January 16, 2008. **See** Filing No. 1. The defendant filed an answer on June 4, 2008. **See** Filing No. 10. The matter was temporarily stayed while the Judicial Panel on Multidistrict Litigation reviewed, then denied, the defendant's motion to transfer the case. **See** Filing Nos. 16 and 18. On November 6, 2008, the court dissolved the stay and the parties were free to begin discovery. **See** Filing

No. 22. Due to the volume of class certification discovery materials, the parties were granted several extensions of time to complete such discovery. **See, e.g.,** Filing No. 37. On March 30, 2011, the court certified the plaintiffs' class, pursuant the Fed. R. Civ. P. 23, for those employees who were paid under a "gang time" compensation system in the Slaughter or Processing departments. See Filing No. 76 - Order. The plaintiffs have not sought conditional certification of a class in relation to the FLSA collective action claims.

On November 23, 2011, the court entered a progression order scheduling trial for March 18, 2013. See Filing No. 77. At the parties' request, on July 12, 2012, the court extended the deadline for completing discovery to July 30, 2012, and for filing motions for summary judgment to August 30, 2012. See Filing No. 110 - Text Order.

On June 29, 2012, the defendant filed the instant motion to compel. See Filing No. 106. In the motion, the defendant seeks an order compelling the plaintiffs who have not yet responded to discovery to provide responses and the plaintiffs who have provided arguably inadequate discovery to supplement their responses. See Filing No. 107 - Brief. The parties conferred and the plaintiffs generally agreed to supplement responses, however supplemental responses were not forthcoming. *Id.* at 5-6. The plaintiff did not respond to the motion to compel.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [or] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task

of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. See *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery. See *id.*

Federal Rule of Civil Procedure 33 provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

Generally, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If an objection is made, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying. Fed. R. Civ. P. 34(a). The rule applies to such documents that are "in the responding party's possession, custody, or

control." *Id.* Rule 34(b)(2) further provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2).

The parties are under a continuing obligation to supplement or correct any disclosure, including an initial disclosure, response to an interrogatory, and response to a request for production, that is, or becomes, incomplete or incorrect. Fed. R. Civ. P. 26(e).

A.     **Failure to Respond**

The defendant served selected plaintiffs with interrogatories and requests for production on May 4, 2012. **See** Filing No. 108 - Ex. 1 Defendant's First Set of Interrogatories to Designated Plaintiffs and Defendant's First Request for Production of Documents to Designated Plaintiffs.[1] According to the defendant,

> While the Plaintiffs served timely objections on June 4 or 5, 2012, only 17 of them included substantive answers. To date, Defendant has not received substantive responses for another 13 of the Plaintiffs.

**See** Filing No. 107 - Brief p. 3 (internal citations to evidence omitted).

The court does not have any information about whether the plaintiffs filed additional responses or supplemental responses after the defendant filed the instant motion.[2]

The plaintiffs have not filed a response to the motion to compel, substantiated their objections, or provided any explanation for failure to timely serve all of their responses as required under the Federal Rules. Accordingly, the defendant's motion to compel will be granted with regard to the plaintiffs with outstanding unanswered interrogatories and requests for production. The plaintiffs who have not yet served responses to the defendant's interrogatories and requests for production shall provide answers and responses, without objection, or show cause why sanctions should not be imposed against them, pursuant to Fed. R. Civ. P. 37(b)(2) and (d).

---

[1] The court notes no Certificate of Service was filed for either the requests or responses as is required by NECivR 33.1(e) and 34.1, however because the plaintiffs do no dispute when the defendant served the discovery requests, the court will assume they were served on May 4, 2012.

[2] No Certificates of Service were filed indicating service of additional responses to date.

4

**B.     Requests for Production**

The defendant served the same three requests for production on each of the plaintiffs selected to respond to discovery.

> Request No. 1:  All documents that relate or refer to your employment with Tyson.  This request includes, but is not limited to, all documents that you created, or which Tyson Foods gave to you, relating to your employment application, hiring, orientation, initial training, subsequent training or meetings of any kind, pay stubs, or notes documenting facts relevant to the activities at issue.
>
> Request No. 2:  All documents that relate to, that plaintiffs contend support, or that may refute the allegations in the Complaint.
>
> Request No. 3:  Any documents that support or refute Tyson's contention that changing clothes and washing at the beginning or end of each workday at the Dakota City, NE facility has been excluded from compensable time pursuant to the express terms or by custom or practice under the bona fide collective bargaining agreements with United Food and Commercial Workers Local Union No. 222.

**See** Filing No. 108 - Ex. 1 p. 15 Requests for Production.

The plaintiffs who responded to these requests gave the following response to each request:

> Information responsive to this request are in the possession of the Defendant and plaintiff exercises Federal Rule 33(d) to refer Defendant to its own business records, its own employee time and attendance system, and Plaintiff's personnel file in Defendant's possession.

**See, e.g.,** Filing No. 108 - Ex. 2 p. 16-17 Responses to Requests for Production.

Further, the defendant states that although eight of the plaintiffs admitted in interrogatory responses they kept or have pay stubs, these plaintiffs did not produce them despite the plain language of Request for Production No. 1 seeking any pay stubs maintained by the individual plaintiffs.  **See** Filing No. 107 - Brief p. 4.

The defendant has met the threshold burden of showing the requests for production of documents seek relevant discovery.  More specifically, the court finds the defendant's

request for pay stubs retained by the plaintiffs bears on the plaintiffs' claims and the defendant's defenses in this matter. The pay stubs may contain codes indicating certain categories of pay for activities at issues in this case. *Id.* at 10. Accordingly, the burden shifts to the plaintiffs to substantiate any objections to production. The plaintiffs did not object to the requests. Rather the plaintiffs reference Fed. R. Civ. P. 33(d) and indicate the defendant should already have access to the documents sought. To the extent the plaintiffs' response can be read as an objection to production of documents, it is overruled.

The plaintiffs do not deny they have documents responsive to the defendant's requests. In fact, some of the plaintiffs admit they have, or may have, responsive documents such as pay stubs. Moreover, an objection based on information that the moving party is already in possession of documents it seeks to obtain by inspection, is an insufficient response to requests for production; a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents. See *Ragan v. Jeffboat*, LLC, 149 F. Supp. 2d 1053, 1061 (S.D. Ind. 2001); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996); *Cook v. Rockwell Intern. Corp.*, 161 F.R.D. 103, 105 (D. Colo. 1995); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."). Finally, Rule 33(d) does not apply to the circumstances here because the documents are the information sought, rather than an answer requiring computation, summarization, or examination of information contained in documents. See Fed. R. Civ. P. 33(d). Accordingly, the defendant's motion to compel will be granted such that the plaintiffs shall, without objection, supplement their responses to Request for Production Nos. 1 through 3 to provide the discovery requested to the extent the discovery requested is in each "responding party's possession, custody, or control."

**C.    Interrogatory No. 2**

The defendant served Interrogatory No. 2 on each of the selected plaintiffs. Interrogatory No. 2 seeks:

> For each position identified in response to Interrogatory No.1[3] above, identify each item (other than undergarments or street clothes) that you put on or wore in connection with your work for Tyson. Identify the activities associated with these items for which you contend that should have been paid but were not paid. List each item in the order in which you put on the item and identify the location at which you put it on before the start of the shift (i.e., at home, in the locker room, in the cafeteria, etc).

**See** Filing No. 108 - Ex. 1 p. 4 Interrogatories.

> The plaintiffs responded with the following objection:

> > Plaintiff objects to this request on the grounds that it is overly broad. It is vague in its request to "identify the activities associated with these items". Plaintiff objects to this interrogatory as Defendant has much more accurate and detailed information regarding what it requires its employees to do "in connection with their work for Tyson." Defendant has in its possession, custody and control all relevant information on Plaintiff's job titles, areas worked and dates, equipment required for such job throughout the entirety of plaintiff's employment with Defendant.

***See, e.g.***, Filing No. 108 - Ex. 2 p. 5 Delgadillo's Response.

The defendant argues, "Interrogatory No. 2 seeks information that is at the heart of this case–namely, the items that Plaintiffs claim they were required to wear in connection with their work." **See** Filing No. 107 - Brief p. 10. The defendant agrees with the plaintiffs that it has certain information, however the defendant seeks to understand the plaintiffs' perspective in an attempt to narrow the issues for trial and determine the amount of time each plaintiff spent donning and doffing that is actually in dispute. ***Id.*** at 11. The defendant contends it is entitled to discovery about the plaintiffs' version of the facts absent a stipulation from the plaintiffs about the items, activities, and timing referenced in the interrogatory. ***Id.***

---

[3] Interrogatory No. 1 states: "Identify each position you held during your employment with Tyson, including but not limited to: the position title; the dates you held each position; the department and line in which you held each position; the name(s) of your supervisor(s) in each position; and the persons you supervised, if any, in each position." **See** Filing No. 108 - Ex. 1 p. 4 Interrogatories.

7

The defendant has met the threshold burden of showing Interrogatory No. 2 seeks relevant discovery. Information about the items worn and activities engaged in by the plaintiffs is central to the plaintiffs' claims and the defendant's defenses. Accordingly, the burden shifts to the plaintiffs to substantiate any objections to production. The plaintiffs objected to the interrogatory based on overbreadth and vagueness. Further, the plaintiffs indicate the defendant should already have accurate information about the plaintiffs.

> Ideally an interrogatory should be a single direct question phrased in a fashion that will inform the other party what is requested. . . . Rather general language has been permitted so long as the interrogatory gives the other party a reasonably clear indication of the information to be included in its answer.

8B Charles Alan Wright, et al., Federal Practice and Procedure § 2168 (3d ed. 2012).

"Only rarely is it held that an interrogatory is so unclear that the other party cannot reasonably be required to answer it." *Id.*; **see** *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 625 (D. Kan. 2005) (noting overly broad requests "require the respondent either to guess or move through mental gymnastics to determine which of many pieces of [information] may conceivably contain some detail, either obvious or hidden, within the scope of the request"). A party who is concerned about uncertainty in the meaning of the interrogatory may qualify its answer. 8B Wright, et al., Fed. Prac. & Proc. § 2168; **see** Fed. R. Civ. P. 33(b)(3).

The court finds the defendant gave adequate guidance to determine the proper scope of Interrogatory No. 2. The interrogatory includes a sufficiently specific category of information rather than large or general categories, which may or may not have anything to do with this lawsuit. Accordingly, the plaintiffs' objections are overruled. The plaintiffs shall supplement their responses to include complete answers, without objection.

**D.     Interrogatory Nos. 19 and 23**

The defendant argues the plaintiff Rick Zimmerman should be required to supplement his responses to Interrogatory Nos. 19 and 23. **See** Filing No. 107 - Brief p. 4-5, 12. Interrogatory No. 19 states:

> Identify all persons, including but not limited to Tyson employees, the media, representative of any federal, state, or

> local government agency, and members or representatives of any labor unions, including but not limited to the United Food & Commercial Workers International union (both International and its locals), with whom you, or individuals acting on your behalf (including your attorneys), have discussed (either formally or informally) the claims made by you in this lawsuit, the Complaint, and/or Tyson's policies, practices, and/or procedures relating to matters that are the subject of this lawsuit. To the extent that you, or individuals acting on your behalf, obtained statements, signed or unsigned, from any of persons, identify and describe in detail such statements.

**See** Filing No. 108 - Ex. 1 p. 10 Interrogatories.

Interrogatory No. 23 states:

> Identify all facts within your knowledge that support or refute Tyson's contention that changing clothes and washing at the beginning or end of each workday at the Dakota City, NE facility has been excluded from compensable time pursuant to the express terms or by custom or practice under the bona fide collective bargaining agreements with United Food and Commercial Workers Local Union No. 222?

**See** Filing No. 108 - Ex. 1 p. 11 Interrogatories.

Rick Zimmerman responded to Interrogatory No. 19 by stating, "Plaintiff objects to this request on the grounds that it is unduly burdensome, vague, and harassing." **See** Filing No. 108 - Ex. 2 p. 462 Zimmerman's Response. Rick Zimmerman lodged the same objection to Interrogatory No. 23 adding, "This request is contentious and calls for legal conclusions." ***Id.***

The defendant relies on the plaintiffs' absence of a relevance objection and fails to show or argue how Interrogatory No. 19 seeks relevant information. **See** Filing No. 107 - Brief p. 12. The defendant's counsel is "at a loss as to how this standard, straight-forward request for the identity of individuals with whom [the plaintiff] has spoken about this case" can be objectionable. ***Id.*** Further, the defendant states every plaintiff who provided substantive responses to interrogatories, except Rick Zimmerman, answered Interrogatory No. 7. **See *id.*** at 5, 12.

The court finds the defendant fails to meet its burden of showing Interrogatory No. 19 seeks relevant information. While a complete answer to the interrogatory may provide

some evidence bearing on the parties' claims and defenses, the interrogatory as a whole is overly broad. As written the interrogatory seeks such a broad unqualified sweep of information to include possible attorney work-product and the plaintiff's casual passing conversation with a stranger about the defendant's policies. The court will not require the plaintiff to respond to such an overly broad interrogatory and finds it would be unduly burdensome to attempt to do so. A conscientious plaintiff would be required to "guess or move through mental gymnastics" to gather the amount of information sought by the scope of this interrogatory. See *Cardenas*, 230 F.R.D. at 625. Accordingly, Rick Zimmerman's objections are sustained and he need not supplement his response to Interrogatory No. 19.

The court finds Interrogatory No. 23 does seek relevant information and the defendant gave adequate guidance to determine the proper scope of Interrogatory No. 23. The interrogatory includes a sufficiently specific category of information rather than large or general categories, which may or may not have anything to do with this lawsuit. Additionally, the plaintiff fails to explain why this interrogatory may be unduly burdensome. Although the interrogatory may seek information about an application of facts to the law, the plaintiff is in a position to answer the interrogatory without further delay. Accordingly, the plaintiff's objections are overruled. The plaintiff Rick Zimmerman shall supplement his response to include a complete answer, without objection, to Interrogatory No. 23. Upon consideration,

**IT IS ORDERED:**

1.   The defendant's Motion to Compel Plaintiffs to Answer Interrogatories and Document Requests, or in the Alternative to Dismiss Plaintiffs for Failure to Respond to Discovery (Filing No. 106) is granted as set forth herein. The motion is denied with respect to Interrogatory No. 19.

2.   **On or before August 17, 2012**, the plaintiffs shall serve responses or supplemental responses to the defendant's interrogatories and requests for production, without objection, as set forth below, or show cause why sanctions should not be imposed

against them. Such sanctions may include dismissal of each of the non-responding plaintiff's claims against the defendant pursuant to Fed. R. Civ. P. 37(b)(2) and (d).

    a.    The plaintiffs who have not yet served responses to the defendant's interrogatories and requests for production shall provide such answers and responses.

    b.    The plaintiffs shall supplement their responses, without objection, to Requests for Production Nos. 1 through 3.

    c.    The plaintiffs shall supplement their responses to include complete answers, without objection, to Interrogatory No. 2.

    d.    The plaintiffs Rick Zimmerman shall supplement his response to include a complete answer, without objection, to Interrogatory No. 23. Rick Zimmerman need not supplement his response to Interrogatory No. 19.

DATED this 31st day of July, 2012.

                      BY THE COURT:

                      s/ Thomas D. Thalken
                      United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.