## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE A. GOMEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV21 |
| | ) | |
| vs. | ) | |
| | ) | |
| TYSON FOODS, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion to Strike Defendant's Amended Trial Witness List (Filing No. 117). The plaintiffs filed a brief (Filing No. 117-1) and an index of evidence (Filing No. 117-2) in support of the motion. The defendant filed a brief (Filing No. 124) and an index of evidence (Filing No. 125) in opposition to the motion. The plaintiffs filed a brief (Filing No. 132) and an index of evidence (Filing No. 133) in reply.

### BACKGROUND

The plaintiffs are current or former employees who worked some time during the period January 17, 2004, to the present, at the defendant's Dakota City, Nebraska, meat processing facility. See Filing No. 1 - Complaint ¶¶ 1-3, 14. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, and state law regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including alleged failures to pay minimum wage and overtime compensation for uncompensated job-related activities.

The plaintiffs filed the instant action on January 16, 2008. See Filing No. 1. The defendant filed an answer on June 4, 2008. See Filing No. 10. The matter was temporarily stayed while the Judicial Panel on Multidistrict Litigation reviewed, then denied, the defendant's motion to transfer the case. See Filing Nos. 16 and 18. On November 6,

2008, the court dissolved the stay and the parties were free to begin discovery. **See** Filing No. 22. Due to the volume of class certification discovery materials, the parties were granted several extensions of time to complete such discovery. **See, e.g.,** Filing No. 37. On March 30, 2011, the court certified the plaintiffs' class, pursuant the Fed. R. Civ. P. 23, for those employees who were paid under a "gang time" compensation system in the Slaughter or Processing departments. **See** Filing No. 76 - Order. The plaintiffs have not sought conditional certification of a class in relation to the FLSA collective action claims.

On November 23, 2011, the court entered a progression order scheduling trial for March 18, 2013. **See** Filing No. 93. The order gave the parties until March 23, 2012, to serve each other with the name, address, and telephone number of each witness expected to testify at trial. *Id.* at 3. At the parties' request, on July 12, 2012, the court extended the deadline for completing discovery to July 30, 2012, and for filing motions for summary judgment to August 30, 2012. **See** Filing No. 110 - Text Order.

On March 23, 2012, the defendant served and filed a redacted version of the trial witness list. **See** Filing No. 95. The list contains eleven witnesses who the defendant expects to call to testify at trial and twenty-two witnesses the defendant may call. *Id.* On July 30, 2012, at 4:01 p.m., the defendant filed an amended trial witness list. **See** Filing No. 112. The amended list contains one additional will-call witness and sixteen additional may-call witnesses. *Id.* Of these additional witnesses, eleven are opt-in plaintiffs, four are defendant's employees, and two are employed by a union. **See** Filing No. 117-1 - Brief p. 3. The defendant served supplemental initial disclosures on July 31, 2012, and on August 1, 2012, listing these additional witnesses. **See** Filing No. 117 - Ex. B and Ex. C.[1]

The plaintiffs argue the defendant could have, but failed to, timely disclose these witnesses. *Id.* Additionally, the plaintiffs state they made deposition decisions based on the defendant's March 23, 2012, witness list by, for example, deciding not to depose people despite their job title because the defendant did not list them on the witness list. *Id.* at 4. Without further explanation, the plaintiffs contend they "would be prejudiced by not knowing the identity of Tyson's trial witnesses at the appropriate time." *Id.*

---

[1] The court notes the defendant failed to file certificates of service related to these supplemental disclosures as required by NECivR 26.1.

2

The defendant opposes the plaintiffs' motion and argues striking witnesses is an overly harsh sanction under the circumstances. **See** Filing No. 124 - Response p. 1. The defendant contends the newly listed plaintiffs are not an issue because those witnesses had been listed by the plaintiffs and the defendant had previously reserved the right "to examine witnesses listed on Plaintiffs' witness list." *Id.* (**quoting** Filing No. 95 - Defendant's Trial Witness List p. 5). Additionally, the defendant argues it properly amended the list pursuant to Fed. R. Civ. P. 26(e) subsequent to depositions taken in July 2012 revealing the relevance of the witnesses' trial testimony. **See** Filing No. 124 - Response p. 2-3. However, the defendant states the plaintiffs were aware of the identity and potential relevance of the newly listed witnesses when the defendant became aware of them. *Id.* at 3-4. The defendant argues the plaintiffs are not prejudiced by the amendment to the witness list because three of the newly listed witnesses have already been deposed and a fourth witness was scheduled for deposition. *Id.* at 4-5. Moreover, the defendant argues there is ample time between now and trial to conduct depositions of the remaining two newly listed witnesses. *Id.* at 3.

In their reply, the plaintiffs contend they suffer prejudice by not being allowed to depose the newly listed witnesses and file their own amended witness list based on information learned during depositions taken in July 2012. **See** Filing No. 132 - Reply p. 5-6. Specifically, the plaintiffs provide evidence they sought to depose one of the witnesses three days before the end of discovery and the defendant declined to schedule the deposition, because the defendant had not listed the person on the witness list, among other reasons. **See** Filing No. 133-1 at p. 27 - Ex. B July 26, 2012 E-mail. The plaintiffs seek an order striking the defendant's amended witness list or, in the alternative, seek to depose the newly listed witnesses and file their own amended witness list. *Id.*

**ANALYSIS**

The Federal Rules of Civil Procedure are construed "to secure the just, speedy, and inexpensive determination" of all proceedings before the court. Fed. R. Civ. P. 1. Generally, "[b]road discovery is an important tool for the litigant . . . ." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011). "One of

the purposes of discovery is to eliminate unfair surprise. Rule 37's enforcement mechanism helps accomplish this purpose." *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). Accordingly, the parties are bound by the requirements of discovery rules and orders, including deadlines.

Under the Federal Rules of Civil Procedure:

> [A] party must, without awaiting a discovery request, provide to the other parties:
>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A).

Additionally, "a party must provide to the other parties and promptly file . . . information about the evidence that it may present at trial other than solely for impeachment" including "(i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises. . . ." Fed. R. Civ. P. 26(a)(3)(A). "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). In this case, the court ordered the parties to provide trial witness information on March 23, 2012, well before the discovery deadline. **See** Filing No. 93 - Progression Order p. 3. Nevertheless, the parties are under a continuing obligation to supplement or correct any disclosure, including an initial disclosure and response to an interrogatory, that is or becomes incomplete or incorrect. Fed. R. Civ. P. 26(e).

The court's authority to strike a witness for untimely disclosure is found in Rule 37(c).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).

Under Rule 37(b)(2)(A) the court may enter an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"[T]he district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* Additionally, the court keeps in mind, "exclusion of evidence is a harsh penalty and should be used sparingly." *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995).

Having examined the facts in this case, the court finds the defendant's failure to timely disclose the additional witnesses in March is substantially justified and harmless. The defendant states it discovered the relevance of the witnesses' testimony during depositions taken shortly before the end of the discovery period yet the witnesses were

known to the plaintiffs prior to that time. There is no reason to believe the defendant omitted the witnesses in bad faith. Further, allowing the testimony of these witnesses will not result in any surprise or prejudice to the plaintiffs. The plaintiffs have had an opportunity to depose all except two of the witnesses. There are several months remaining prior to the scheduled trial and the defendant agreed to make the newly listed witnesses available for deposition. Under these circumstances, the plaintiffs fail to show any actual prejudice caused by the late disclosure if they are allowed to depose the witnesses. Accordingly, the plaintiffs may depose Mark Gordon and Jason Poole on or before October 31, 2012. To the extent the plaintiffs may seek to file an amended witness list, they shall confer with counsel for the defendant to minimize the court's involvement and potential prejudice to the defendant. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Strike Defendant's Amended Trial Witness List (Filing No. 117) is denied.

2. The plaintiffs shall have until **October 31, 2012**, to depose Mark Gordon and Jason Poole, if necessary.

DATED this 4th day of September, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.