IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE A. GOMEZ, JULIANA REYES, JUAN M. CRUZ, TED MCDONALD, CECILIA ORTIZ, and MARIO CRUZ, on behalf of themselves and all other similarly situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC.,<br><br>Defendant. | 8:08CV21<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's motion to dismiss three plaintiffs for failure to provide responses to Tyson's First Set of Interrogatories or Requests for Production, Filing No. 155. This is a class action under Fed. R. Civ. P. 23 for relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state law for alleged failures to pay minimum wage and overtime compensation for pre- and post-production line activities including "donning and doffing" protective and sanitary gear.[1] The class that has been certified under Fed. R. Civ. P. 23 consists of:

> All current and former employees of Defendant Tyson's Dakota City, Nebraska, meat processing facility who have been employed by Tyson at any time from January 17, 2004, to the present and are or were paid under a "gang time" compensation system in the Slaughter or Processing Departments.

Filing No. 74.

In support of its motion, Tyson has shown that plaintiffs Dean Renfeld and Rosaura Azpeitia have failed to respond to written discovery propounded by Tyson, and

---

[1] This action is similar in most relevant respects to an action involving another Tyson meat processing plant, *Acosta v. Tyson Fresh Meats, Inc.*, No. 8:08CV86, that was tried to the court from January 22, 2013, to January 31, 2013.

that plaintiff Raymond L. Plafcan has not produced documents (paystubs) that he admits he has in his possession. Filing No. 156, Index of Evid., Ex. 1, Affidavit of Evangeline Paschal. In response, plaintiffs have shown that Tyson is already in possession of the documents in its own files. Filing No. 180, Index of Evid., Ex. A, Deposition of Daniel Schroeder. Also, the plaintiffs assert that they do not intend to call these plaintiffs as witnesses at trial. Filing No. 179, Response at 3. Plaintiffs' counsel also states that they have produced all documents that they have in their possession. *Id.*

The court is authorized to order dismissal as a sanction for failure to prosecute a claim or to comply with its orders. Fed. R. Civ. P. 41(b); *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). In ordering such a sanction, the court must balance the degree of egregious conduct and the adverse impact of such conduct on both the opposing party and the administration of justice. *See id.* The sanction imposed by the court must be proportionate to the litigant's transgression. *Id.* (stating that dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint).

The court is further authorized under Fed. R. Civ. P. 37(b) to enter dismissal as a sanction in the case of failure to comply with discovery orders. *See Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Generally, fairness requires a court to consider whether a lesser sanction is available or appropriate before imposing the sanction of dismissal under Rule 37. *Id.* at 941. When the facts show willfulness and bad faith, however, the court need not investigate the propriety of a lesser sanction.

*Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817-18 (8th Cir. 2001). Finally, when a litigant's conduct abuses the judicial process, the remedy of dismissal is within the inherent powers of the court. *Id.* at 818.

The court finds that plaintiffs' conduct does not warrant the extreme sanction of dismissal. The plaintiffs were earlier ordered to respond to discovery requests with respect to 13 plaintiffs. The court's review of the record shows that plaintiffs substantially complied with that order, and any remaining failures to respond do not appear to be in bad faith. The defendant has not shown it will be prejudiced by these plaintiffs' failure to respond to the discovery. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss the claims of plaintiffs Dean Renfeld, Rosaura Azpeitia, and Raymond L. Plafcan (Filing No. 155) is denied.

DATED this 11th day of February, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge