# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE A. GOMEZ, JULIANA REYES, JUAN M. CRUZ, TED MCDONALD, CECILIA ORTIZ, and MARIO CRUZ, on behalf of themselves and all other similarly situated individuals,<br><br>          **Plaintiffs,**<br><br>   vs.<br><br>**TYSON FOODS, INC.,**<br><br>          **Defendant.** | 8:08CV21<br><br>ORDER |

     This matter is before the court on the plaintiffs' Second Motion to Compel Updated Time and Payroll Records (Filing No. 253). The defendant filed a response (Filing No. 263) and index of evidence (Filing No. 264) in opposition. The plaintiffs filed a brief (Filing No. 280) in reply.

## BACKGROUND

     The plaintiffs are current or former employees who worked some time during the period January 17, 2004, to the present, at the defendant's Dakota City, Nebraska, meat processing facility. **See** Filing No. 1 - Complaint ¶¶ 1-3, 14. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, et seq., and state law regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of state and federal wage-and-hour laws, including alleged failures to pay minimum wage and overtime compensation for uncompensated job-related activities.

     On February 13, 2013, the plaintiffs filed a motion to compel the defendant to provide supplemental pay data information necessary for the plaintiffs' damage calculations. **See** Filing No. 228. On February 15, 2013, at the pretrial conference the parties argued the issue of supplementation. **See** Filing No. 232 - Text Minute Entry. The court granted the motion to compel. **See** Filing No. 233 - Text Order.

The plaintiffs filed the instant motion on February 25, 2013.  **See** Filing No. 253 - Motion.  The plaintiffs argue the defendant failed to comply with the court's order entered on February 15, 2013, to produce the plaintiffs' updated time and payroll records.  **See** Filing No. 253 - Motion p. 1; Filing No. 233 - Text Order.  The plaintiffs request an order compelling the defendant to produce updated time and payroll records for all employees performing activities this court found compensable and requiring the defendant to submit weekly updates of such records through the date of judgment entered in this case.  *Id.* at 5.   The plaintiffs argue continual updating of the time and payroll records is necessary because the defendant, unlike the defendant in similar cases, has continued paying its employees only four minutes for the activities in dispute making it important that backpay be calculated and awarded through the date of judgment.  *Id.* at 6.

Additionally, the plaintiffs argue the defendant has not produced updated time and payroll records for employees who were hired after March 30, 2011, the date of class certification.  **See** Filing No. 253 - Motion p. 1, 4-5.  The plaintiffs argue if employees hired after March 30, 2011, are excluded as part of the class in this case, those employees would have to file a separate class action on the same issues.  *Id.*  The plaintiffs argue the purpose of Rule 23 and § 216(b) of the FLSA supports including employees hired after March 30, 2011.  *Id.* at 5.

The defendant argues the plaintiffs are not entitled to payroll records of employees hired after March 30, 2011.  **See** Filing No. 263 - Response p. 3.  The defendant states the class certification defined class members as "[a]ll current and former employees of Defendant Tyson's Dakota City, Nebraska, meat processing facility who have been employed by Tyson at any time from January 17, 2004, to the present." *Id.* (**citing** Filing No. 74 - Findings and Recommendation p. 18).  The defendant argues neither the plaintiffs' briefing nor the court's orders regarding class certification contemplated adding as the plaintiffs employees hired after the certification date.  *Id.*  The defendant argues the plaintiffs should not be allowed to expand their class definition a few weeks before trial.  *Id.* at 4.

The defendant argues due process reasons under Rule 23 prohibits including future employees because the notice and opt-out provisions are essential for class

members. *Id.* at 5. The defendant argues the "purpose" of Rule 23 actually requires the plaintiffs' motion be denied for due process reasons. *Id.* at 8. The defendant also argues this court never ordered the defendant to produce payroll data for employees hired after March 30, 2011. *Id.* at 2, 7-9. Lastly, the defendant argues the plaintiffs are not entitled to weekly updates of payroll information. *Id.* at 9, 12-13. The defendant requests recovery of its fees and costs in opposing the motion. *Id.* at 1.

In response, the plaintiffs, for the first time, request the court clarify that the class members extend to the date of final judgment or amend the class definition to extend through the date of final judgment. See Filing No. 280 - Reply.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [or] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Rule 26 "vests the district court with discretion to limit discovery." **Roberts v. Shawnee Mission Ford, Inc.**, 352 F.3d 358, 361 (8th Cir. 2003). Relevant means "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978).

On December 17, 2010, the undersigned judge recommended the court certify the following class: "All <u>current and former employees</u> of Defendant Tyson's Dakota City, Nebraska, meat processing facility who have been employed by Tyson at any time from January 17, 2004, to the present and are or were paid under a 'gang time' compensation system in the Slaughter or Processing Departments." See Filing No. 74 - Findings and Recommendation (emphasis added). The court adopted the Findings and Recommendation on March 30, 2011. See Filing No. 76 - Memorandum and Order. This court is bound by the class definition. The class definition certified on March 30,

2011, does not include future employees. Any information regarding non-class members is irrelevant. Therefore, the court will not require the defendant to produce payroll records for individuals not within the class.

The plaintiffs inaccurately state that the court ordered the defendant to produce payroll records for employees hired after March 30, 2011. The plaintiffs first motion to compel requested supplemental payroll information for "class members from 09.24.11 through the present." **See** Filing No. 228 - Motion to Compel p. 1. Nowhere in the plaintiffs' motion or discussion during the pretrial conference do the plaintiffs request payroll data for employees hired after March 30, 2011. The court did not explicitly order the defendant to produce payroll data for employees hired after March 30, 2011. There was simply no discussion regarding this matter. If the plaintiffs required an amendment to the class definition, the plaintiffs should have filed the applicable motion citing relevant Eighth Circuit authority.

The defendant is not required to produce payroll information for employees hired after March 30, 2011, because such employees are non-class members pursuant to the approved class definition. The defendant is required however to supplement the payroll data through the date of judgment for class members. The supplementation does not need to be on a weekly basis. Instead, the defendant shall supplement then available payroll data for class members on March 14, 2013. Additionally, seven days following the verdict, the defendant shall supplement payroll data for class members through the date of the verdict.[1] The defendant is required to provide such data because the payroll data is necessary to calculate backpay.

---

[1] The court is aware of the defendant's representation there is a six-week lag period to obtain payroll data. **See** Filing No. 256 - February 15, 2013, Pretrial Conference Transcript p. 11-12. "Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See** ***Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery. **See** ***id.*** The defendant has not met its burden to show production of updated payroll data is unduly burdensome. Therefore, the

**IT IS ORDERED**:

The plaintiffs' Second Motion to Compel Updated Time and Payroll Records (Filing No. 253) is granted and denied in part. The defendant is required to supplement the payroll data as explained above. The motion is denied in all other respects.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 8th day of March, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

defendant is required to produce supplemental payroll data to comply with this Order and the court's March 6, 2013, Order (Filing No. 274).