**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOSE GOMEZ  et al., individually And on Behalf of Themselves and All Other Similarly Situated Individuals, | )  No. 8:08-cv-0021- JFB-TDT )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TYSON FOODS, INC. d/b/a TYSON FRESH MEATS, Defendant | )  PLAINTIFFS' )  PROPOSED JURY )  INSTRUCTIONS |

PLAINTIFFS submit the following proposed jury instructions.

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE GOMEZ et al., individually<br>And on Behalf of Themselves and All<br>Other Similarly Situated Individuals,<br><br>                Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC.<br>d/b/a TYSON RRESH MEATS,<br>                Defendant | )  No. 8:08-cv-0021 JFB-TDT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  PLAINTIFFS'<br>)  PROPOSED JURY<br>)  INSTRUCTIONS |

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS

    1.     Nature Of Case
    2.     Evidence
    3.     Bench Conferences And Recesses
    4.     No Transcript Available
    5.     Conduct Of The Jury
    6.     Outline Of Trial

FINAL INSTRUCTIONS

    7.     Explanatory
    8.     Judge's Opinion
    9.     Burden Of Proof
   10.    Credibility Of Witnesses
   11.    Stipulated Facts
   12.    Activities Already Determined To Be Compensable
   13.    Determining Hours Worked
   14.    Representative Evidence
   15.    Paid Breaks
   16.    . FLSA – Waiver Prohibited
   17.    Election Of Forepersons; Duty To Deliberate; Communications With Court;
                  Cautionary; Unanimous Verdict

**1. GENERAL: NATURE OF CASE (PLAINTIFFS)**

This is a civil action case brought by six named plaintiffs against Tyson Foods. The six named plaintiffs make a claim under the Fair Labor Standards Act for themselves.  The Fair Labor Standards Act ("FLSA") is the federal law which requires, among other things, that employees get paid time and a half when they work more than 40 hours in a week.  The Plaintiffs make the same claims under Nebraska State law on behalf of  9,143 current and former hourly production employees who have worked at Tyson Foods' beef slaughtering and processing facility in Dakota City, Nebraska since January 17, 2004.

Employees at Tyson Foods' Dakota City facility put on, take off, and clean or sanitize protective equipment and sanitary gear before and after they process meat on their shifts.  These activities are often referred to as donning and doffing related activities.

You will be asked to decide how long employees spend performing donning and doffing related  activities each day before and after their shifts and on unpaid meal breaks.  You will also decide how long employees spend performing other pre and post shift activities which occur between the time employees start the first donning or doffing related activities before shift and finish the last donning and offing related activity after shift and on unpaid meal breaks.

You will get more detailed  instructions on these matters at the end of the trial.

**2.  EVIDENCE**

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated – that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1.  Statements, arguments, questions and comments by lawyers are not evidence.

2.  Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.  Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objections.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.  You should also pay particularly close attention

to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.[1]

---

[1] 8th CIR. CIVIL JURY INSTR. §1.02 (2008)

### 3.  BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.[2]

---

[2] 8TH  CIR. CIVIL JURY INSTR. §1.03 (2008)

## 4.  NO TRANSCRIPT AVAILABLE

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.[3]

---

[3] 8TH CIR. CIVIL INSTR. §1.04 (2008)

**5.  CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

*First,* do not talk among  yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to the deputy clerk or other court personnel.

*Fourth,* during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case.   You should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness must be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth,* do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it.  In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts.  I do not know whether there might be any news reports of this case, but if

there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard  the evidence in this case, you will know what you need to decide it.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not consult a dictionary, textbook or encyclopedia, go to the Internet or consult any other source for information about some issue or person in this case.  You must learn about the case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberation.

*Eighth,* do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.[4]

---

[4] 8TH CIR. CIVIL JURY INSTR. §1.05 (2008)

**6.  OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the Plaintiffs' attorney may make an opening statement.  Next, the Defendant's attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Plaintiffs, will then present evidence and counsel for the Defendants may cross-examine.

Defendant may then present evidence and counsel for Plaintiff may cross-examine.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.[5]

---

[5] 8TH CIR. CIVIL JURY INSTR. §1.06 (2008)

FINAL INSTRUCTION

## 7.  EXPLANATORY

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because *all* are important.  This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, *all* instructions, whenever given and whether in writing or not, must be followed.[6]

---

[6] 8TH CIR. CIVIL JURY INSTR. §3.01 (2008)

FINAL INSTRUCTION

**8.  JUDGE'S OPINION**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give you any opinion or suggestion as to what your verdict should be.

During this trial I have occasionally asked questions of witnesses.  Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.[7]

---

[7] 8TH CIR. CIVIL JURY INSTR. §3.02 (2008)

FINAL INSTRUCTION

## 9.  BURDEN OF PROOF

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard the term "proof beyond a reasonable doubt."  This is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

In deciding whether any fact is more likely true than not true, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.[8]

---

[8] 8TH CIR. CIVIL JURY INSTR. §3.04 (2008); *Solis v. Tyson Foods, Inc.,* No. 2:02-cv-001174-VEH (N.D. Ala. Oct. 14, 2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

FINAL INSTRUCTION

**10.     CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.[9]

---

[9] 8TH CIR. CIVIL INSTR. §3.03 (2008)

FINAL INSTRUCTION

**11.  STIPULATED FACTS**

The Plaintiffs and the Defendants have stipulated – that is, they have agreed – that certain facts are as counsel have just stated.  You should, therefore, treat those facts as having been proved.[10]

---

[10] 8TH CIR. CIVIL JURY INSTR. §2.03 (2008)

FINAL INSTRUCTION

**12.      ACTIVITIES ALREADY DETERMINED TO BE COMPENSABLE**

The Court has already determined that wages must be paid for the time spent performing donning and doffing activities which occur before and after shifts and on unpaid meal breaks to employees who use some combination of the following equipment working on the production lines at the Dakota City facility:  ear plugs, hard hat, hairnet, beard net (if have facial hair), boots, mesh glove, mesh sleeves, mesh apron, polar gloves, polar sleeves, arm guard, belly guard, frock, white  pants and shirt, safety glasses and scabbard and knives.

You, as the Jury must also accept that the Court has already determined that wages must be paid for other activities which occur between the first donning activity before the start of the shift and the last doffing activity after the end of the shift including: (1) donning and doffing equipment; (2) walking from the lockers where equipment is obtained or donned to the production  line before the start of the shift; (3) washing or sanitizing equipment or an employee's hands; (4) waiting for production to start on the production line; (5) walking from the production line to the areas where equipment is hung up, stored or deposited at the start of  unpaid meal breaks; (6) donning, doffing or washing equipment on unpaid meal breaks; (7) walking back to the production line during unpaid meal breaks after gathering, donning and washing equipment; (8) walking and transporting equipment from the production line at the end of the shift to the wash station;  (9) doffing, washing or sanitizing equipment after the end of the shift; and

walking and transporting equipment from the wash stations to the lockers where equipment is hung, stored or deposited at the end of the shift.[11]

The only issue for you to decide in this trial regarding the activities just described is the amount of time employees spend  performing  these activities that the Court has found compensable.

---

[11] Memorandum of Order *Gomez v. Tyson Foods, Inc*, No 8:08-cv-0021 (D.Ne. Feb. 11, 2013) (Doc. 224); *Alvarez v. IBT, Inc.,* 546 U.S. 21 (2005) ; *Alvarez v. IBT, Inc.*, 339 F.3d 894 (9th Cir. 2003)

FINAL INSTRUCTION

## 13.  DETERMING HOURS WORKED

In this case, you must determine the amount of unpaid time worked by Plaintiffs based on all of the evidence.  Defendant is required to maintain accurate  records of its employees' actual time spent performing donning, doffing, walking and sanitizing activities .[12] If the Defendant failed to maintain records of all the time Plaintiffs worked or the records kept by Defendant are inaccurate,  you must accept Plaintiffs' reasonable approximation of the time worked unless you find the approximation  to be unreasonable.

Plaintiffs have the burden of proving by a preponderance of the evidence the amount and extent of uncompensated work but can satisfy that burden by just and reasonable inference.  Once Plaintiffs have produced such evidence of uncompensated work, the burden then shifts to the Defendant to prove the precise amount of work performed or with evidence which negates the reasonableness of the approximation based on  Plaintiffs' evidence.

---

[12] Memorandum and Order (Doc. 224) at pages 24, 36.

If  Defendant failed to keep accurate records of its employees' actual hours of

work, it cannot complain that Plaintiffs' approximation  of the amount of time worked is

too uncertain or approximate.[13]

---

[13] 8th CIR. CIVIL PROPOSED JURY INSTR. P. 81 (2010):  The FLSA requires employers to "make, keep
and preserve such records of the persons employed by him and of wages, hours, and other conditions and
practices of employment maintained by him, and shall preserve such records for such periods of time, and
shall make such reports therefrom to the Administrator [of the U.S. Department of Labor's Wage and Hour
Division] as her shall prescribe by regulation or order…" 29 U.S.C. §211(c).  The U.S. Department of
Labor's recordkeeping regulations may be found at 29 C.F.R. §516.  Where an employers has not kept
adequate records of wages and hours, its employees generally may not be denied  recovery of back wages
on the ground that the precise extent of their uncompensated work cannot be proved.  *Dole v. Alama
Foundation*, 915 F.2d349, 35 (8th Cir. 1990), *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88
(1946).  The Plaintiffs bear the burden of proving the extent of any uncompensated work, but may satisfy
that burden by 'just and reasonable inference',"  *Anderson,* 328 U.S. at 687-88.  Once the Plaintiffs have
produced such evidence of uncompensated work, "the burden then shifts to the employer to come forward
with evidence of the precise amount of work performed or with evidence to negate the reasonableness of
the inference to be drawn from the employee's evidence." *Id.*  "The employer cannot be heard to complain
not  that the damages lack the exactness and precision of measurement that would be possible had he kept
records in accordance with the requirements of 11 (c)  of the Act." *Anderson,* 328 U.S. at 689.

FINAL INSTRUCTION

## 14.  REPRESENTATIVE EVIDENCE

To establish liability and damages for a group of employees Plaintiffs are allowed to present  evidence from a representative group of Plaintiffs to prove their case but are not required to do so.   Plaintiffs or employees do not  need  to  testify in order to prove violations of the Fair Labor Standards Act and be awarded back wages.  Plaintiffs may rely on other forms of evidence to meet their burden of reasonably approximating the number of minutes employees spend performing the activities the Court has found compensable  such as testimony from experts, employees and supervisors and video clips and documents.[14]

---

[14] *Morgan v. Family Dollar Stores, Inc,* 551 F.3d 1233, 1280 (11th Cir. 2008) ¶"In *Mt Clemens*, the Supreme Court authorized a burden-shifting scheme designed to facilitate the ability of plaintiffs to prove an FLSA violation where the employer failed to maintain proper records (such as how many hours its employees worked and the amount of pay).  Id at 686-88.  To prevent workers from being penalized by the employer's failure to keep adequate records, the Supreme Court provided that plaintiffs could meet their burden of proof so long as they "prove [ ] that [they have] in fact performed work for which [they were] improperly compensated" and "produce [ ] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id at 687  Although Mt. Clemens never used the term "representative testimony," subsequent courts have interpreted it to authorize some employees to testify about the number of  hours they worked and how much they were paid so that other non-testifying plaintiffs could show the same thing by inference. See e.g. *Reich v. S. Md. Hosp. Inc.,* 43 F3d 949, 951 (4th Cir. 1995) ("Under Mt. Clemens, the Secretary can present testimony from representative employees as part of his proof of the prima facie case."); *McLaughlin v. Ho Fat Seto,* 850 F2d 586, 589 (9th Cir. 1988) ("We hold that the Mt. Clemens Pottery standard allows district courts to award back wages under the FLSA to non-testifying employees based upon the fairly representative testimony of other employees.") ¶ "We reject Family Dollar's argument that the executive exemption defense is so individualized that the testifying Plaintiffs did not fairly represent the non-testifying Plaintiffs.  For the same reasons that the court did not err in determining that the Plaintiffs were similarly situated enough to maintain a collective action, it did not err in determining that the Plaintiffs were similarly situated enough to testify as representative of one another."); ¶ "In any event, the only issue we must squarely decide is whether there was legally sufficient evidence---representative, direct, circumstantial, in person, by deposition or otherwise---to produce a reliable and just verdict.  There was."*Schultz v. Capital International Security, Inc.,* 466 F.3d 298, 310 (4th Cir. 2006) ("Courts have, of course, frequently granted back wages under the FLSA to non-testifying employee.")(internal quotation marks omitted)

FINAL INSTRUCTION

**15.     PAID BREAKS**[15]

Plaintiffs make no claims in this case for any work which occurred during a paid break.

To avoid any confusion, you are instructed that under Federal regulations employers are required to pay employees for any break period of less than 20 minutes.[16]

---

[15]    Pending before the Court is Plaintiffs' Omnibus Motion in Limine (Doc. 201) in which Plaintiffs seek to exclude any reference or argument concerning paid breaks unless accompanied by an instruction that paid breaks of less than 20 minutes must be paid by law.  Plaintiffs assert no claims in this action for activities performed on paid breaks.

[16] C.F.R. §785.18 "the FLSA does not require employer to grant rest periods.  If an employer does grant a rest period or coffee break, those of short duration of 5 to about 20 minutes must be counted as hours worked".  Employers may not offset any compensable rest period against other types of work time. *Id.*

FINAL INSTRUCTION

## 16.  FLSA-WAIVER PROHIBITED

Employees may not waive their rights under the Fair Labor Standards Act.  This means that an employee does not lose any right he or she may have to back wages by failing to complain to his or her employer or by any other action.[17]

---

[17] *Solis v. Tyson Foods, Inc.* No. 2:02-cv-001174-VEH (N.D. Ala. Oct. 14, 2009) (Jury instructions in donning and doffing case brought by the United States Dept. of Labor)

FINAL INSTRUCTION

**17.    ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow:

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to indivdual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges-judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone-including me- how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  [The form reads: (read form)].  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[18]

---

[18] 8TH CIR. CIVIL JURY INSTR.§3.06 (2008)

Respectfully submitted,

/s/ Michael Hamilton
Michael Hamilton
PROVOST UMPHREY LAW FIRM LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
(615) 242-0199
(615) 256-5922 (facsimile)

Robert L. Wiggins
Candis A. McGowan
Daniel Arciniegas
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
(205) 254-1500 (facsimile)

Brian P. McCafferty
Kenney & McCafferty
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
(610) 940-0327
(610) 9400284 (facsimile)

Roger K. Doolittle
460 Briarwood Drive, Suite 500
Jackson, MS 39206
(601) 957-9777
(601) 957-9779 (facsimile)

Jay Smith
Smith & McElwain
505 Fifth Street, Suite 530
P.O. Box 1194
Sioux City, IA 51102
(712) 255-8094
(712) 255-3825

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing on counsel via electronic mail delivery of same, properly addressed, to the following:

Thomas Johnson
Allison Dana Balus
Baird  Holm LLP
1500 Woodmen Tower
Omaha, NE 68102

Evangeline C. Paschal
Hunton & Williams, LLP
1900 K Street N.W.
Washington, DC 20006

Michael J. Mueller
Hunton & Williams LLP
1900 K Street NW
Washington, DC 20006


This 11th day of  March, 2013.

/s/Michael Hamilton_____

IN THE THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOSE GOMEZ  et al., individually** | ) | **No. 8:08-cv-0021- JFB-TDT** |
| **And on Behalf of Themselves and All** | ) | |
| **Other Similarly Situated Individuals,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TYSON FOODS, INC.** | ) | |
| **d/b/a TYSON FRESH MEATS,** | ) | |
| | ) | |
| **Defendant** | ) | |

## <u>PLAINTIFFS' PROPOSED VERDICT FORM</u>

We the members of the jury find from all the evidence as follows:

     1.     How much time did  employees in the Kill Department at Tyson Foods' Dakota City Plant spend performing work for which they were not compensated.

_____

     2.     How much time did employees in the Processing Department at Tyson

Foods' Dakota City Plant spend performing work for which they were not compensated.

_____

_____
Foreperson