IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE A. GOMEZ, on behalf of themselves
and all other similarly situated individuals,

          Plaintiffs,

    v.

TYSON FOODS, INC.,

          Defendant.

8:08CV21

MEMORANDUM AND ORDER

      This matter is before the court after a hearing on March 11, 2013, on various motions. This order supplements findings made on the record at the hearing. The court finds as follows:

      **A.    Tyson's Objection to Magistrate Judge's March 6, 2013, Order and Motion for Reconsideration, Filing No. 284, and plaintiffs' objection to Tyson's Motion for Reconsideration, Filing No. 295.**

      Tyson objects to and moves for reconsideration of Magistrate Judge Thalken's order granting the plaintiffs' motion to allow Dr. Liesl Fox to supplement her report on damages. In his order Magistrate Judge Thalken gave the plaintiffs twenty-one days after the verdict to submit Dr. Fox's report calculating the amount of back pay based on the payroll data through the date of verdict. The plaintiffs argue that the only issue remaining for the jury is the amount of time the employees spend performing the compensable activities and that Dr. Fox is not able to calculate back pay until the jury determines the number of minutes to be applied in such calculations. Further, they argue that the testimony involves only an issue of arithmetic, that is, multiplying employees' standard hourly rate for the number of minutes at issue.

The court agrees with the plaintiffs that the issue involves only arithmetic—the laws of arithmetic are not disputed. Tyson's time and payroll records contain all of the information needed for such calculations except the number of minutes that the jury will eventually determine the activities at issue take to perform. The court stands by its earlier order on the parties' cross-motions for summary judgment. The only issue left for determination is the number of minutes it takes to perform the activities that have been found compensable.

Tyson also takes issue with the magistrate judge's order in that it "seemingly contemplates that damages will continue through the time of judgment." It characterizes such an award as "front pay" and argues that damages must be determined as of the date of the court's summary judgment order. In their complaint, plaintiffs sought back pay and declaratory relief. In its summary judgment order, the court found certain activities are compensable and left for the jury the factual determination of the amount of time it takes to perform the unpaid activities. No final judgment has yet been ordered in this case. Tyson's characterization of the damages as front pay is inapposite. The court finds no support for Tyson's position that the plaintiffs "cannot pursue damages after this Court fixed liability in its summary judgment ruling." The plaintiff has 21 days to provide the court its calculation of damages based on the jury verdict; the defendant has 21 days thereafter to provide its calculation. Otherwise, the magistrate judge's order is affirmed. Accordingly, Tyson's objection to the order of the magistrate judge is overruled and the plaintiff's objection to Tyson's motion of reconsideration is sustained.

**B.    Plaintiffs' and Interested Parties' (UFCW and its Local Union Representative) Motions to Quash Subpoenas, Filing Nos. 275 and 276.**

The plaintiffs and the Union contend that the testimony of the Union witnesses is irrelevant and that any relevance is outweighed by the potential to confuse the jury. Tyson argues that the testimony of Marvin Harrington, the Union president, is relevant because the involvement of the Union in the lawsuit tainted Dr. Mericle's study. Further, Tyson argues that the other witnesses are members of the class and are parties to the action.[1] All of the individuals have been listed as witnesses and have been deposed.

The court finds that evidence that relates to collective bargaining is irrelevant, but evidence that goes to credibility, motive, or the facts and circumstances of Dr. Mericle's study may be adduced from the Union president. Further, since the other witness is a member of the class, he may be called to testify. Issues relating to collective bargaining or negotiation of contracts are irrelevant as the liability issue has been resolved by the court. Accordingly, the motions to quash are denied.

### C. Plaintiffs' Motions in Limine

Filing Nos. 198 and 199: The parties agree that the plaintiffs' motion in limine on questions of law and the de minimis defense has been rendered moot by the court's summary judgment order.

Filing No. 200: The plaintiffs' motion in limine to preclude argument or evidence concerning class certification or the number of class members testifying is granted in part and denied in part. The plaintiffs argue that Tyson has listed as a controverted fact

---

[1] In its response to the motion to quash, Tyson also contends that the testimony of these witnesses may be relevant to "the outstanding 'reasonable dispute' issue that was not addressed on summary judgment." Filing No. 287, Response at 4. For reasons stated later in this opinion, the court finds there is no such outstanding "reasonable dispute" issue. In its order on the parties' cross-motions for summary judgment, the court determined as a matter of law that defendant could not present a good faith defense. That determination applies equally to the defendant's corollary defense under state law.

whether the FLSA collective action plaintiffs have proved they are similarly situated and whether the Rule 23 plaintiffs have proved the elements of each of their state-law claims for every member of the class through common evidence that supports class-wide liability and does not vary from individual to individual. The plaintiffs argue this is an issue for the court, not a jury, and it has already been determined. They also contend that the defendant should be precluded from arguing to the jury that a certain number of class members must step forward to participate or testify in this case, arguing that they are allowed to rely upon testimony from a representative group of plaintiffs to prove their case, but they are not required to do so, and may rely on other forms of evidence, including direct evidence from the defendant's officials and from company policies or documents.

The court finds that Tyson should not be allowed to raise issues regarding Rule 23 certification that have been determined as a matter of law. Both parties have submitted proposed jury instructions on the representative evidence issue and the court will craft an appropriate instruction.

Filing No. 201: The plaintiffs' omnibus motion in limine is granted in part and denied in part as set forth below.

1. The plaintiffs' motion to exclude references, evidence and/or argument concerning the citizenship, immigration status or language spoken by plaintiffs or other class members is granted.

2. The plaintiffs' motion to exclude reference or argument concerning paid break periods unless accompanied by an instruction that paid breaks of less than 20 minutes must be paid by law is granted.

3. The plaintiffs' motion to exclude evidence of any arrest, criminal prosecution or conviction of plaintiffs or other class members is overruled to the extent that a felony conviction is involved.

4. The plaintiffs' motion to exclude evidence of any financial difficulties, foreclosures, bankruptcies, or civil or domestic relations actions involving plaintiffs or other class members is granted.

5. The plaintiffs' motion to exclude evidence concerning employment of plaintiffs or other class members at any company other than Tyson is granted.

6. The plaintiffs' motion to exclude evidence and arguments concerning any disciplinary actions taken against plaintiffs or other class members at Tyson except as it may relate to discipline for failure to comply with sanitary gear and equipment-related requirements and when employees are required to report to work stations is denied at this time. The court will address this issue on a case-by-case basis. The evidence may be relevant to bias. The court should be informed of any such issue prior to the witness' testimony.

7. The plaintiffs' motion to exclude references to and/or evidence of "industry practice" in support of defendant's de minimis defense or any other defense is granted. The parties agree there is no dispute on this issue.

8. The plaintiffs' motion to exclude references to a plaintiff's or other class member's failure to complain to Tyson, the DOL or another governmental agency that plaintiffs and the class were not paid for all hours worked is granted.

9. The plaintiffs' motion to exclude evidence that defendant pays overtime for hours they deem to be work is granted.

10. The plaintiffs' motion to exclude references to the opt-in response rate or opt-in process is granted. The parties agree the issue is moot.

11. The plaintiffs' motion to exclude references to the circumstances under which the plaintiffs or other members of the class employed a lawyer, or that a motive, purpose or result of this lawsuit is or will be to compensate plaintiffs' lawyers is granted.

12. The plaintiffs' motion to exclude reference to the fact that plaintiffs or other class members objected to any written discovery request, asserted a claim of privilege, moved to exclude certain evidence from the trial, including but not limited to the items contained in this motion in limine, during the pretrial phase of this case is granted.

13. The plaintiffs' motion to exclude reference, speculation or argument about the substance of the testimony of any witness who is unavailable is granted. Witnesses who are absent or who plaintiffs did not call to testify is denied to the extent it is relevant to the plaintiff's burden of proof.

14. The plaintiffs' motion to preclude calling the plaintiffs' attorneys to testify is granted.

15. The plaintiffs' motion to exclude non-expert witnesses from the courtroom at all times other than when they are called to testify is granted. Expert witnesses will not be sequestered.

16. The plaintiffs' motion to exclude any document or witnesses not disclosed during discovery is granted except with respect to impeachment or rebuttal evidence or witnesses.

17. The plaintiffs' motion to exclude any reference or argument concerning attorneys' fees or the cost of litigation is granted.

18.     The plaintiffs' motion to exclude references to the content or fact of any settlement discussions or negotiations is granted.

19.     The plaintiffs' motion to exclude reference to plaintiffs' counsel's involvement in any other donning and doffing employment or class action litigation is granted in part, but denied in the context of expert testimony.

20.     The plaintiffs' motion to exclude evidence and/or argument relating to any communications from, to or between the United Food and Commercial Workers International Union and any affiliated local union unless specifically related to UFCW Local 222 is granted.

Filing No. 202:  The plaintiffs' motion to preclude evidence from or argument about *Reich v. IBP* or Dr. Jeffrey Fernandez is granted.  Dr. Fernandez's report is irrelevant because he studied the donning and doffing of only unique items.  Further, the court finds Dr. Fernandez's report is not admissible as an exception to the hearsay rule as a government report.

### D.     Tyson's Motions in Limine

Filing No. 203:  Tyson's motion in limine to exclude certain evidence, Filing No. 203, is granted in part and overruled in part as follows:

1.     Tyson's motion to exclude any reference to Tyson Foods' financial condition and the comparative or absolute economic status of the parties is granted.

2.     Tyson's motion to exclude evidence relating to Tyson Foods' other plants, including evidence of pay practices at defendant's non-union production plants is granted.

3. Tyson's motion to exclude evidence regarding the recent fatality at the Dakota City facility is granted.

4. With respect to Tyson's motion to exclude any references to Dr. Paul Adams or his expert report unless Tyson Foods raises it first, Tyson stated at the hearing that it had not yet decided whether to call Dr. Adams, although he had been designated as a witness. The court stated that it would not grant the motion unless Tyson decided not to call Dr. Adams as a witness. By letter dated March 12, 2013, Tyson has assured the court that

> Tyson has decided to withdraw Dr. Adams from its witness list and give assurances that Tyson will not be calling him to testify. This decision is based on our understanding that, based on our assurances, the subject motion in limine is granted, and Plaintiffs and their counsel will be thereby precluded from making any mention of Dr. Adams or any of his opinions, prior testimony, reports, etc.

Based on that assurance, the court finds the motion in limine should be granted. The plaintiffs can cross-examine the defendant's principals about the findings of their expert Dr. Adam's that are inconsistent with the witness' testimony, but the Dr. Adam's findings are not admissions. Consequently, the plaintiffs cannot refer to Dr. Adam's testimony in their case in chief.

5. Tyson's motion to exclude evidence of or relating to Food Safety and Inspection Service regulations governing the pay practices of agency inspectors and any rules and policies related thereto is granted.

6. Tyson's motion to exclude any evidence relating to Food and Drug Administration regulations is granted, except that plaintiff's may introduce regulations that outline requirements for cleanliness and worker safety equipment.

8

7.     Tyson's motion to exclude all emails on the plaintiffs' exhibit lists unless plaintiffs lay a proper foundation for each email and satisfy any applicable hearsay exceptions is granted.

8.     Tyson's motion to exclude any suggestion or argument to the jury that the court's certification of the class resolves the class issue and absolves plaintiffs from their burden of proof at trial is granted to the extent that any such argument conflates the burden of proof with the requirements for class action certification. An appropriate instruction will be given to the jury.

9.     With respect to Tyson's motion to exclude any argument to the jury that the Supreme Court's *Alvarez* decision or the *Reich* litigation already decided the compensability of the activities at issue in this case, or from otherwise offering argument or evidence about the *Alvarez* and *Reich* litigation, Tyson concedes the issue is moot with two caveats: Tyson contends no one moved for summary judgment regarding willfulness and the issue of a reasonable dispute under Nebraska law. The plaintiffs argue that the court has ruled on the willfulness issue and has also found that state law is parallel to the FLSA. The defendant next asserts that the court decided the issues of reasonable dispute under state law and willfulness under federal law before the issue was advanced by either party. Accordingly, it asserts it has been denied the right to present evidence and to brief these issues.

First, the defendant is incorrect in its assertion there is a premature decision on these issues. The issues of good faith and willfulness were squarely presented to the court in the plaintiffs' motion for a summary judgment on the defendant's purported good-faith defense. The plaintiffs addressed good faith under both sections 259 and

260 in their brief. Filing No. 140 at 77-78. In its order, the court discussed the requirements for findings under 29 U.S.C. §§ 255, 259 and 260. Filing No. 224, Memorandum and Order at 28-30. The court addressed the issues of good faith reliance, the statute of limitations and willfulness in connection with liquidated damages. *Id.* at 36-38. In opposition to the plaintiffs' motion, Tyson contended that the motion was premature and argued that "plaintiffs have not sought summary judgment on whether Tyson acted willfully, which if liability were established, would extend the limitations period from two to three years." Filing No. 167, Brief at 109. Notably, Tyson also stated "plaintiffs also move for summary judgment on Tyson's separate 'good faith' defense under 29 U.S.C. § 259. For purposes of this case only, Tyson hereby abandons its section 259 defense." *Id.* at 107 n. 37. The court's finding was an implicit rejection of Tyson's argument on this point. The court's findings that Tyson's conduct was both objectively unreasonable and its actions were in reckless disregard of the law are determinative of the willfulness and reasonable dispute issues.

The court finds the defendant will not be permitted to relitigate the issues of good faith, reliances and willfulness. The court stands by its finding that Tyson is willful and unreasonable as a matter of law for reasons previously stated in it decision for the cross-motions for summary judgment.

Filing No. 206: Tyson's motion in limine to preclude evidence or argument of plaintiffs' new meal period theory. The parties agree this motion is moot by reason of the summary judgment order.

Filing No. 209: Tyson's motion in limine to preclude plaintiffs from presenting documents, testimony, or arguments not disclosed in discovery. This is the corollary to

10

the plaintiffs' motion. Tyson's motion is directed at poultry plant documents and the employees' bill of rights. Tyson concedes the issue is moot with respect to the poultry plant documents but contends the bill of rights may be relevant, depending on how the court rules on its reasonable dispute issue. Tyson's challenge to the bill of rights documents involves its assertion that the plaintiffs rely on the document as the agreement that supports their state law claim. In earlier orders, the court found the state law claim is supported by the relationship of the parties and the plaintiffs' status as hourly employees, the terms of the agreement being informed by the FLSA. The evidence relates to the issue of liability that has already been decided by the court. Accordingly, the court finds the evidence at issue is not relevant and the motion should be granted.

      Filing No. 212: Tyson's motion to dismiss the plaintiffs' FLSA claims and to preclude any evidence that goes solely to FLSA issues (if the court grants Tyson Foods' Motion to Dismiss and Preclude Evidence Regarding the Named Plaintiffs' FLSA Claims). Tyson seeks preclusion of any references to the FLSA, the federal definition of "work," the federal Portal Act and its judicially-created "integral and indispensable" test, the concept of "predominant benefit" that governs federal meal-period claims, the *Reich* litigation (which was limited to FLSA claims), the Supreme Court's *Alvarez* decision (which was limited to FLSA claims), good faith and willfulness issues as they relate to the FLSA claims, and any regulations or opinion letters issued by the United States Department of Labor. The court finds the motion should be denied for the reasons stated in *Acosta v. Tyson*, No. 8:08-cv-86, Filing No. 232. The named plaintiffs' FLSA claims may proceed as individual claims.

IT IS ORDERED:

1. Tyson's objection to the magistrate judge's order is overruled and its motion for reconsideration (Filing No. 284) is denied.

2. The plaintiffs' objection to Tyson's motion for reconsideration (Filing No. 295) is sustained.

3. The plaintiffs' motion to quash ( Filing No. 275) is denied.

4. The motion to quash filed by interested party UFCW and Its Local Union Representative ( Filing No. 276) is denied.

5. The plaintiffs' motion in limine to preclude evidence or argument on issues of law (Filing No. 198) is granted.

6. The plaintiffs' motion in limine regarding de minimis evidence (Filing No. 199) is granted.

7. The plaintiffs' motion in limine to preclude argument or evidence on class certification issues (Filing No. 200) is granted in part and denied in part as set forth in this order.

8. The plaintiffs' omnibus motion in limine (Filing No. 201) is granted in part and denied in part as set forth in this order.

9. The plaintiffs' motion to preclude evidence from or argument about *Reich v. IBP* or Dr. Jeffrey Fernandez (Filing No. 202) is granted.

10. Tyson's motion in limine to exclude certain evidence (Filing No. 203) is granted in part and denied in part as set forth in this order.

11. Tyson's motion in limine to preclude evidence or argument of plaintiffs' new meal period theory (Filing No. 206) is granted.

12. Tyson's motion in limine to preclude plaintiffs from presenting documents, testimony, or arguments not disclosed in discovery (Filing No. 209) is granted.

13. Tyson's motion in limine to dismiss and preclude evidence regarding the named plaintiffs' FLSA claims (Filing No. 212) is denied.

Dated this 13th day of March, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge