IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE A. GOMEZ, on behalf of themselves
and all other similarly situated individuals;
JULIANA REYES, on behalf of themselves
and all other similarly situated individuals;
JUAN M. CRUZ, on behalf of themselves
and all other similarly situated individuals;
TED MCDONALD, on behalf of themselves
and all other similarly situated individuals;
CECILIA ORTIZ, on behalf of themselves
and all other similarly situated individuals;
and MARIO CRUZ, on behalf of
themselves and all other similarly situated
individuals;

                Plaintiffs,

   vs.

TYSON FOODS, INC.,

                Defendant.

**8:08CV21**

**MEMORANDUM AND ORDER**

This matter is before the court on the defendant's objection, Filing No. 297, to the magistrate judge's order of March 8, 2013, Filing No. 281.  The defendant objects to the magistrate judge's order requiring it to make two supplemental productions of payroll records: one supplemental production on March 14, 2013 consisting of the "then available payroll data for class members," and one supplemental production "seven days following the verdict" containing payroll data "for class members through the date of verdict."   *See* Filing No. 281, Order at 4.

Tyson argues that the supplemental production is contrary to the Nebraska Wage Payment and Collection Act ("NWPCA"), which states that a claim accrues 30 days after a plaintiff has been unpaid on a regular payday.  The class members are not entitled to damages under the NWPCA for any pay period within at least 30 days before the date

the Court decided liability issues on summary judgment, which means that the payroll data for this recent period is irrelevant. Tyson raises the same objections to the magistrate judge's order that it addressed in its earlier challenge to the magistrate judge's finding that plaintiffs were entitled to supplement backpay calculations to include unpaid wages up to the date of judgment. *See* Filing No. 284. It does not challenge the magistrate judge's finding that the class definition certified on March 30, 2011, does not include employees hired after that date.

On review of a decision of the magistrate judge on a pretrial matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986). *See also Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995) (noting that a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes).

The court finds no error in the magistrate judge's ruling. With respect to the defendant's contention that recovery under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1321, is limited to damages for pay periods that end 30 days before judgment, the court agrees with the plaintiffs that the provision is a condition that must be satisfied before a plaintiff can institute suit, and does not limit damages once suit is commenced.

Tyson reiterates the arguments it made in its objection to the magistrate judge's March 6, 2013, Order on the plaintiff's original motion to supplement and revise backpay database and calculations. *See* Filing No. 284, Objection; Filing No. 274, Order. This court rejected Tyson's challenge to that Order. Filing No. 306.

Tyson has submitted no authority for the novel proposition that the operative date for a cut-off of damages is the "date of the Court's summary judgment decision affixing liability." The court's order granting partial summary judgment on certain issues did not end the case. There has been no final judgment. The court agrees with the magistrate judge that the determination of backpay should extend to the date of judgment. Defendant has not shown that the magistrate judge's findings are clearly erroneous or contrary to law.

Tyson also challenges the magistrate judge order allowing Dr. Fox to supplement her calculations after trial. It contends that Dr. Fox must stand for cross examination on her calculations, stating "Tyson has not seen those new calculations by Dr. Fox, and neither has the Court. Thus, neither Tyson nor the Court can say that there will be no disputes over Dr. Fox's upcoming calculations." Tyson has not pointed to any dispute of fact with regard to Dr. Fox's analysis. The court contemplates the supplemental calculations will be made using the same methodology or formula that Dr. Fox applied to the earlier pay data in her report, in keeping with Fed. R. Civ. P. 26(e). The supplemental findings are simply a matter of arithmetic. Also, if Tyson takes issue with the result, it can submit its own calculations. Accordingly,

IT IS ORDERED that the defendant's objection (Filing No. 297) to the order of the magistrate judge (Filing No. 281) is overruled.

DATED this 13th day of March, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

3