IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE A. GOMEZ, JULIANA REYES, JUAN M. CRUZ, TED MCDONALD, CECILIA ORTIZ, and MARIO CRUZ, on behalf of themselves and all other similarly situated individuals,

                    Plaintiffs,

        vs.

TYSON FOODS, INC.,

                    Defendant.

8:08CV21

MEMORANDUM AND ORDER

This matter is before the court on the plaintiffs' Emergency Motion to Compel Monty Hahn's Attendance at Trial, Filing No. 310, and the defendant's Emergency Motion for Clarification, Filing No. 311.

The court finds the plaintiffs' motion should be granted.  In light of Tyson's prior representations in this case and the *Acosta* trial, its position with respect to Mr. Hahn's attendance at trial is unreasonable.  Contrary to Tyson's assertion, the court's statement that Dr. Fernandez's report is irrelevant does not mean that Dr. Hahn's testimony is irrelevant.  Dr. Fernandez conducted time studies at different plants and Mr. Hahn's testimony relates to the Dakota City plant.  Mr. Hahn has personal knowledge of facts relevant to the issues in this case.  Moreover, it is incumbent on this court, not counsel to determine relevance.

In its motion for clarification, Tyson "seeks clarification that time studies which purported to study only unique items are now irrelevant to the issues for jury trial herein and that Mr. Hahn will not be questioned about the aforementioned time study nor will that time study or its result be otherwise mentioned."  Tyson also seeks clarification

"that if plaintiffs are now permitted to change this trial from one about 'minutes' into one about 'pay practices,' that Defendant similarly be permitted to introduce all evidence and testimony relevant to the rationale for its overall pay practices." Further, Tyson contends that it would be highly prejudiced if plaintiffs were allowed to question Hahn about the time study and the items not included in that study unless Tyson were "allowed to explain to the jury why it pays a minimum of four minutes at the Dakota City plant, including that the union has not bargained for more minutes or ever challenged that the current payment is not sufficient."

Tyson misreads the court's prior ruling. First, although the court stated at the hearing on March 11, 2013, that the jury would hear evidence of the four minutes that Tyson paid its employees for donning and doffing activities, it later became clear that the court had not decided how to handle the four-minute issue. *See* Filing No. 308, Transcript of Hearing on March 11, 2013, at 34, 71, and 81. To clarify, the court now finds, for the reasons stated below, that the evidence relating to the four minutes Tyson has paid its employees will not be permitted with respect to issues of liability. The court will apply the four minutes as an offset to the jury's finding on the number of minutes the plaintiffs spend on compensable activities. If evidence is adduced regarding the four minutes, the jury will be instructed to that effect.

In its order on the motions for summary judgment, the court found against Tyson as a matter of law on the liability issue. Filing No. 224, Memorandum and Order at 32-35. The finding was premised in part on the historical record of Tyson's litigation of the issue in the *Alvarez* case, which involved a Union plant. *See id.* at 10-14. Union negotiations and Tyson's "pay practices" and/or rationale for its pay practices are

irrelevant as defenses to liability.  The liability issue has been resolved by the court.  As hard as it is for Tyson to accept that fact, it is the law of the case.

Tyson's history of litigation as reflected in the case law and public record shows that there is no dispute that the four minutes paid to Tyson employees at its unionized plants did not, and does not, include, at the least, walking time.  *Alvarez v. IBP, Inc.*, 2001 WL 34897841, *2, n.3, *6 (characterizing minutes as "clothes changing").  It is undisputed that Tyson never increased the amount of clothes-changing time at the Dakota City plant above four minutes.[1]  The United States Supreme Court found in *Alvarez* that the employees are entitled to compensation for walking time.

Any argument that the company has kept proper and accurate records based on the fact that its time records include four minutes of time for donning and doffing is foreclosed by the fact that the four-minute figure was calculated without reference to walking time and is, therefore, not accurate.[2]

The court's finding in favor of the plaintiffs on the liability issue is equivalent to a finding that the plaintiffs have satisfied the first prong of the burden-shifting analysis outlined in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (8th Cir. 1946). They have established as a matter of law that they have "in fact performed work for which they were improperly compensated" and can produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

---

[1] Plaintiffs' counsel made this statement at the hearing on March 11, 2013, and Tyson's counsel did not dispute it.  *See* Filing No. 308, Tr. at 100.  Tyson's counsel also admitted at one point that it was "still at four minutes," with respect to some Union plants.  *Id.* at 71.  *See also* Filing No. 224, Memorandum and Order at 4; Filing No. 144, Tyson's Brief in Support of Motion for Summary Judgment, Statement of Undisputed Facts at 13.

[2] Similarly, as outlined in the court's order on summary judgment, the historical record and case law show that Tyson's reliance on the four minutes to satisfy its obligations under the FLSA was appropriate only until 2001, when the Department of Labor clarified that actual time was compensable.

*Id.* In these circumstances, "a basis for a reasonable inference as to the extent of the damages" is enough. *Id.* It is then incumbent on the defendant to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88; *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990) ("only a just and reasonable inference need be established as to the uncompensated work performed, and once the plaintiff has produced evidence of uncompensated labor," the burden shifts to the employer). In short, as in *Anderson*, "the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer." *Id.* at 688. Though *Anderson*'s holding was later limited in part by the Portal-to-Portal Act, the burden-shifting remedial analysis remains the law. *See, e.g., Dole*, 915 F.2d 351 (citing *Anderson*, 328 U.S. at 687-88); *see also* Eighth Circuit Manual of Model Jury Instructions, Civil, § 10.03, Committee comments.

Defendant seeks clarification that time studies which purported to study only unique items are now irrelevant to the issues for jury trial herein and that Mr. Hahn will not be questioned about the aforementioned time study nor will that time study or its result be otherwise mentioned. Tyson's argument in this regard is based on the court's exclusion of the report of Dr. Fernandez, in part because it is not relevant. Tyson again misinterprets the court's order; plaintiffs' motion in limine with respect to Dr. Fernandez was based on several contentions, including that the report, prepared in 1998 was based on a different plant and a different time period and was not an exception to the hearsay rule. It also argued that Tyson seeks to introduce the obsolete report instead of

4

presenting Dr. Fernandez's testimony subject to cross-examination.  Further, it argues that Dr. Fernandez is not listed as an expert and cannot give an opinion as a lay witness.

Tyson overstates the impact of the court's ruling with respect to Dr. Fernandez, and the comment that his testimony is irrelevant because it dealt only with unique items. That doesn't mean all testimony that deals with unique items is irrelevant.  Dr. Hahn's time study did not study all the activities the court has found compensable, but it studied some of them at the plant at issue.  He can testify to what he did.

The court's ruling on Dr. Adams stands.  The plaintiffs can use Dr. Adams's testimony, if at all, only to impeach the testimony of an officer or director of Tyson that is contrary to Dr. Adams's testimony.  This is because the evidence goes to the credibility of the witness and not to the truth of Dr. Adams's statement.

To further clarify, evidence of collective bargaining will not be allowed. Accordingly,

IT IS ORDERED:

1.   The plaintiffs' Emergency Motion to Compel Monty Hahn's Attendance at Trial, Filing No. 310, is granted.

2.  The defendant's Emergency Motion for Clarification, Filing No. 311, is granted as set forth above.

Dated this 15th day of March, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

5