IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE GOMEZ, et al.,<br>individually and on behalf of a class of<br>others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>TYSON FOODS, INC.<br>(d/b/a Tyson Fresh Meats, Inc.),<br><br>      Defendant. | Case No. 8:08-cv-0021-JFB-TDT |

## **DEFENDANT'S NOTICE OF APPEAL**

Notice is hereby given that, pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 3, Defendant Tyson Foods, Inc. ("Tyson Foods") hereby appeals to the United States Court of Appeals for the Eighth Circuit from the final judgment in the above-captioned case, and from all orders and rulings of the District Court in favor of Plaintiffs, including the following:

(1) the final judgment entered on or about October 2, 2013 (Dkt. No. 435), as well as any and all pre-trial and trial rulings and interlocutory orders subsumed in said final judgment, including but not limited to those listed below;

(2) the District Court's Memorandum and Order dated May 5, 2010 (Dkt. No. 61), denying Defendant's Motion for Partial Summary Judgment (Dkt. No. 47);

(3) the District Court's Order dated March 30, 2011 (Dkt. No. 76), adopting the Magistrate Judge's Findings and Recommendation dated December 17, 2010 (Dkt. No. 74 ), recommending certification of a class action pursuant to Federal Rule of Civil Procedure 23 (granting Plaintiffs' motion at Dkt. No. 62);

(4) the District Court's Memorandum and Order dated February 11, 2013 (Dkt No. 223),

denying Defendant's Motion to Dismiss Party Plaintiffs Who Have Not Responded to Discovery Requests (Dkt. No. 155);

(5) the District Court's Memorandum and Order dated February 11, 2013 (Dkt. No. 224), granting Plaintiffs' Motion for Summary Judgment (Dkt. No. 134), and denying Defendant's Motion for Summary Judgment (Dkt. No. 143);

(6) the District Court's Memorandum and Order dated March 13, 2013 (Dkt. No. 306), denying Defendant's motion to dismiss the FLSA claims of the named Plaintiffs who failed to file FLSA consent forms and to preclude Plaintiffs from presenting evidence at trial regarding the FLSA claims of the named Plaintiffs (Dkt. No. 212);

(7) the District Court's Memorandum and Order dated March 13, 2013 (Dkt. No. 306), overruling Defendant's Statement of Objections (Dkt. No. 284) to the Magistrate Judge's March 6, 2013 Order (Dkt. No. 274), allowing Plaintiffs' damages expert to supplement her report, limiting the trial to the daily average "number of minutes" spent by a sampled number of class members instead of a true individualized damages trial that would also result in a monetary verdict, allowing the District Court Judge to decide damages for himself post-trial, allowing the Plaintiffs to pursue a new theory of "front pay" damages, and otherwise granting certain of Plaintiffs' motions in limine and denying certain of Defendant's motions in limine;

(8) the District Court's Memorandum and Order dated March 13, 2013 (Dkt. No. 307) overruling Defendant's objection (Dkt. No. 297) to the March 8, 2013 order of the Magistrate Judge (Dkt. No. 281), requiring Defendant to produce supplemental payroll data that included employees hired after the class certification Order, allowing Plaintiffs to pursue damages after the date on which liability has been established, allowing Plaintiffs to pursue damages under the NWPCA that accrued less than 30 days before trial, allowing Plaintiffs to supplement their

expert's damages calculations after trial, determining that the Plaintiffs' damages expert need not testify at trial, and allowing the District Court Judge to decide damages himself after the jury was to be discharged;

(9) the District Court's instructions to the Jury (Dkt. Nos. 399, 400, and 401) and Answers to Jury Questions (Dkt. No. 397);

(10) all evidentiary rulings made by the District Court during trial that were adverse to Defendant, including but not limited to the District Court's rulings that excluded the evidence discussed at Dkt. Nos. 335, 351, 355, 358, 360, 361, 363, 366, 368, 372, 375, 376, 379, 383;

(11) the District Court's Order dated October 2, 2013 (Dkt. No. 432), denying Defendant's Motion For Decertification of Rule 23 Class (Dkt. No. 417);

(12) the District Court's Order dated October 1, 2013 (Dkt. No. 432), sustaining Plaintiffs' objection (Dkt. No. 338), to the Magistrate Judge's March 8, 2013 Order (Dkt. No. 281), which had previously limited the class to those individuals employed by Defendant up to the date of class certification, and granting Plaintiffs' alternative Motion to Amend Class (Dkt. No. 338), which had the effect of expanding the class to include employees who were hired post-certification, post-discovery, post-summary judgment ruling, and even post-trial; and denying Defendant's Motion to Decertify (Dkt. No. 417).

(13) the District Court's oral rulings throughout trial and Memorandum and Order dated October 2, 2013 (Dkt. No. 433), denying Defendant's Objection to the Scope of Trial and Request for Ruling on Various Evidentiary Issues (Dkt. Nos. 323, 325, 326, 327, 339, 344), including but not limited to the ruling of the District Court that the NWPCA is a collection device for violations of the FLSA and that plaintiffs could obtain a judgment under the NWPCA by establishing a violation of the FLSA, and the District Court's ruling that Plaintiffs could

utilize an opt-out Rule 23 class for prosecution of an FLSA claim, notwithstanding that 29 U.S.C. §216(b) provides exclusively for an opt-in collective action for wage-and-hour claims under federal law;

(14) the District Court's Order dated October 2, 2013 (Dkt. No. 433), denying Defendants' Renewed Motion For Judgment As A Matter Of Law (Dkt. No. 417) and overruling pending motions and objection to the scope of trial (Dkt Nos. 323, 325, 326, 327, 339, 344);

(15) the District Court's Memorandum and Order dated October 2, 2013 (Dkt. No. 434), determining damages in violation of the Seventh Amendment of the United States Constitution, awarding damages to Plaintiffs and overruling Defendant's Notice of Damages Calculations, Objection to Plaintiffs' Erroneous Revised Calculations, and Reservation of Objections to the Court Deciding Damages (Dkt. No. 424); and

(16) the District Court's Order dated November 5, 2013 (Dkt. No. 440), denying Defendant's Renewed Motion for Judgment as a Matter of Law, to Amend Findings and Alter or Amend Judgment and Motion to Decertify (Dkt. No. 436).[1]

If this Court remands for further proceedings in the District Court, including but not limited to a new trial, Defendant also requests that the Court of Appeals exercise its authority pursuant to 28 U.S.C. § 2106 to reassign the case to a different District Court Judge because of the bias directed against Defendant, its counsel and its industry by the Hon. Joseph F. Bataillon.

---

[1] All summary descriptions herein are for the convenience of the parties and the Court. Defendant hereby appeals all fact findings, orders and rulings contained within the listed Docket Numbers, and all rulings and orders subsumed within the final judgment.

Because Defendant filed a motion for judgment under Federal Rule of Civil Procedure 50(b), a motion to amend findings under Federal Rule of Civil Procedure 52(b), and a motion to alter or amend judgment and for new trial under Federal Rule of Civil Procedure 59, this notice of appeal is filed timely within 30 days of the District Court's November 5, 2013, decision on those motions (Dkt. No. 440) pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(i), (ii), (iv) and (v).

Respectfully submitted,

*/s/Michael J. Mueller*
Michael J. Mueller (admitted *pro hac vice*)
Emily Burkhardt Vicente (admitted *pro hac vice*)
Evangeline C. Paschal (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 419-2116
E-mail: mmueller@hunton.com
E-mail: ebvicente@hunton.com
E-mail: epaschal@hunton.com

Allison D. Balus
Thomas E. Johnson
BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
Telephone: 402-344-0500
Facsimile: (402) 231-8554
E-mail: abalus@bairdholm.com
E-mail: tjohnson@bairdholm.com

Attorneys for Defendant,
TYSON FOODS, INC.

November 12, 2013

**CERTIFICATE OF SERVICE**

      I, Michael J. Mueller, hereby certify that on November 12, 2013, I electronically filed the foregoing **DEFENDANT'S NOTICE OF APPEAL** with the Clerk of Court using the CM/ECF system which sent notification of such to the following counsel for Plaintiffs, pursuant to the ECF System:

    Daniel Arciniegas (darciniegas@wcqp.com)
    Roger K. Doolittle (rogerkdoolittle@aol.com)
    Michael Hamilton (mhamilton@provostumphrey.com)
    Richard L. Kaspari (rkaspari@metcalf-law.com)
    Brian P. McCafferty (cafstar@aol.com)
    Candis A. McGowan (cmcgowan@wcqp.com)
    Robert L. Wiggins, Jr. (rwiggins@wcqp.com)
    Jay Madison Smith (smitmcel@aol.com)

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

    None.

                                        */s/ Michael J. Mueller*
                                        Michael J. Mueller